Filed 11/26/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NAHEED MOHMOUD HAMED,<br><br>    Defendant and Appellant. | H039223<br>(Monterey County<br>Super. Ct. Nos. SS120428A and<br>SS122230A) |

Defendant Naheed Mohmoud Hamed was convicted by jury of one count of possessing child pornography (Pen. Code, § 311.11).[1] He admitted enhancement allegations that he had served a prior prison term (§ 667.5, subd. (b)) and was sentenced to prison for a term of four years eight months. At sentencing, the court imposed fines and fees, including a $1,230 sex offender fine (§ 290.3). On appeal, defendant challenges that fine, arguing that section 290.3 does not authorize a $1,230 fine, that the correct amount of the fine is $300, and that the abstract of judgment does not identify the statutory basis for any additional assessments.

We hold that the court erred in both the manner in which it imposed the sex offender fine and in determining the amount of the penalty assessments attached thereto. We will therefore modify the judgment to impose a sex offender fine of $300, plus penalty assessments of $900, a net difference of $30. We will also direct the trial court

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

clerk to prepare an amended abstract of judgment that sets forth the amounts and statutory bases of the sex offender fine and each of the penalty assessments imposed.

**FACTS & PROCEDURAL HISTORY**

On March 5, 2012, at about 11:30 p.m., Monterey Police Officer Chad Ventimiglia pulled over the BMW defendant was driving for a speeding violation (traveling 80 miles per hour on a freeway). As Officer Ventimiglia spoke to defendant, he smelled marijuana. The officer asked defendant if he had any drugs in the car; defendant admitted that he had marijuana. Officer Ventimiglia requested defendant's identification, determined that he was on active parole, did a parole search of the car, and found marijuana residue in the passenger compartment. Officer Ventimiglia and another officer, Amy Carrizosa, then searched the trunk of the BMW. In a duffel bag inside the trunk, they found about 100 photographs depicting naked male and female children of various ages, ranging from infants to teens, engaged in sexual acts, often with adults. The photos had been printed from a variety of Internet websites. Defendant was arrested at the scene.

While being transported to jail, defendant told Officer Carrizosa the photos were not his; he said he found them in the car, which belonged to the auto dealership where he worked. But when Officer Ventimiglia interviewed defendant at the police station, he told two different stories. Initially, he said he got the photos from a friend's computer; later, he said he printed them at work. When Officer Ventimiglia confronted defendant with these discrepancies, defendant said he lied to Officer Carrizosa because he "didn't want to get his friend in trouble."

**Case No. SS120428A – Possession of Child Pornography**

Defendant was charged by information with one count of possession of child pornography (§ 311.11, subd. (a)). The information also alleged that defendant had

2

served a prior prison term (§ 667.5, subd. (b)). Defendant pleaded not guilty and denied the prison prior.

Defendant filed a motion to suppress the pornographic photographs obtained from the search of his trunk. At the hearing on that motion, defendant testified that he could not have been driving 80 miles per hour because a "governor" had been installed on the BMW, which limited its speed to 72 miles per hour. He submitted an exhibit that purported to be an invoice prepared by the company that manufactured the governor (hereafter Exhibit A). The court denied the motion, stating that it found Exhibit A "quite concerning" because the font in the entry describing the "speed limiter program" was different from the font used in the rest of the invoice. The court also found Officer Ventimiglia's testimony credible.

The case went to trial before a jury. After the jury found defendant guilty on the possession of child pornography count, defendant waived a jury trial on the prison prior allegation and admitted that allegation.

## Case No. SS122230A - Perjury and False Evidence

Prior to sentencing in the possession of child pornography case, the prosecution filed a new complaint, charging defendant with three offenses arising out of his conduct at the hearing on the motion to suppress. The complaint charged defendant with one felony count of perjury under oath (§ 118, subd. (a)), one felony count of offering false evidence (§ 132), and one felony count of preparing false evidence (§ 134). An amended complaint added enhancement allegations that defendant had served a prior prison term (§ 667.5, subd. (b)) and that he committed the new offenses while on bail and out of custody in his other case (§ 12022.1; Case No. SS120428A).

In January 2013, pursuant to a negotiated disposition, defendant pleaded no contest to offering false evidence (§ 132) in exchange for a stipulated sentence of eight months in prison (one-third the lower term) consecutive to the sentence to be imposed in

3

the possession-of-child-pornography case and an agreement to dismiss the remaining counts and enhancements in the perjury and false statements case.

**Sentencing in Both Cases**

The court sentenced defendant in both cases on January 11, 2013. In Case No. SS120428A, the court imposed the upper term of three years for possession of child pornography, plus one year for the prison prior. In Case No. SS122230A, pursuant to the negotiated plea, the court sentenced defendant to eight months for offering false evidence, consecutive to the sentence in the child pornography case. The total term was four years eight months. The court also imposed various fines and fees, including a $1,230 sex offender fine pursuant to section 290.3 in the child pornography case.

DISCUSSION

The sole issue on appeal is defendant's challenge to the $1,230 sex offender fine imposed pursuant to section 290.3.

Section 290.3 provides in relevant part: "(a) Every person who is convicted of any offense specified in subdivision (c) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction or a fine of five hundred dollars ($500) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine."

**Contentions**

Defendant concedes that possession of child pornography (§ 311.11) is one of the crimes specified in section 290, subdivision (c) and that he is therefore subject to the section 290.3 sex offender fine. We accept that concession. Citing the probation report, defendant contends that this is his first conviction for a crime listed in subdivision (c) of

4

section 290. He also states, based on the probation report, that "[a]lthough the court did not make an express finding of an ability to pay, an implied finding might be supported by evidence that [defendant] had been self-employed as a business owner and automotive technician for two-and-a-half [*sic*] years." We agree that the record supports implied findings that this was defendant's first conviction for a crime listed in section 290, subdivision (c) and that defendant had the ability to pay.

Defendant argues that these circumstances permitted a $300 sex offender fine, but the court erred when it ordered him to pay $1,230 pursuant to section 290.3. He asserts that "[w]hile some penalty assessments may require an increase in this amount . . . , the abstract of judgment must specifically identify each fine and its statutory basis." He argues, further, that "[b]ecause section 290.3 did not authorize a $1,230 fine and because the abstract of judgment did not identify any statutory bases for an additional assessment," the case must be remanded to the trial court to reconsider the section 290.3 fine and prepare a legally correct abstract of judgment.

The Attorney General agrees that the section 290.3 fine is incorrect, but for different reasons. She contends that the correct amount of the base fine under section 290.3 was $300, that the $1,230 fine imposed included penalty assessments of $930, that the correct amount of the penalty assessments at the time of defendant's offense was $900, and that the trial court therefore erred by imposing an extra $30 in penalty assessments. The Attorney General attributes this error to a change in the amount of the Government Code section 76104.7 state-only DNA penalty, which increased from 30 percent to 40 percent on June 27, 2012, three months after defendant was arrested for possession of child pornography.[2] The Attorney General acknowledges that the

_____

[2] When enacted in 2006, Government Code section 76104.7 provided for a "penalty of one dollar ($1) for every ten dollars ($10) or fraction thereof . . . upon every fine, penalty, or forfeiture collected by courts for criminal offenses . . . ." (Stats. 2006, ch. 69, § 18, p. 1251, eff. July 12, 2006.) The purpose of the statute is "to fund the operations of the Department of Justice forensic laboratories, including the operation of

5

imposition of penalty assessments is subject to constitutional prohibitions against ex post facto laws, and argues that the section 290.3 fine (plus penalty assessments) must therefore be reduced by $30 to $1,200. The Attorney General suggests we modify the section 290.3 fine and affirm the judgment as modified.

**Fine Imposed In This Case**

In the presentencing report, the probation officer recommended that defendant "Pay a 290.3 PC fine of $1,230.00," as well as other fines and fees not at issue on appeal. The probation report did not contain the words "penalty assessments" or an explanation of how the probation officer determined the amount of the section 290.3 fine.

In its oral pronouncement of judgment, the court stated, "You're ordered to pay [a] fine of $1,230 pursuant to Penal Code Section 290.3." The minutes of the sentencing hearing contain the following notation: "Pay a fine of $1,230.00 pursuant to PC 290.3." This order was recorded on the abstract of judgment form (Judicial Council form CR-290 [rev. July 1, 2012]) as: "9. FINANCIAL OBLIGATIONS (plus any applicable penalty assessments): [¶][¶] f. Other: $1230.00 per (specify): PC 290.3."

**The *High* Case**

Defendant relies on *People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*), where the appellate court held the trial court had erred "in the manner in which [it] handled the monetary assessments" at sentencing. The court observed: "Instead of

the DNA Fingerprint, Unsolved Crime and Innocence Protection Act, and to facilitate compliance with the requirements of subdivision (e) of Section 299.5 of the Penal Code." (Gov. Code, § 76104.7, subd. (b).) The amount of this penalty was increased in both 2010 and 2012. (Stats. 2009-2010, 8th Ex. Sess., ch. 3, § 1, eff. June 10, 2010 [increasing penalty to "three dollars ($3) for every ten dollars ($10)" or fraction thereof]; Stats. 2012, ch. 32, § 25, eff. June 27, 2012 [increasing penalty to "four dollars ($4) for every ten dollars ($10)" or fraction thereof]; see also Historical and Statutory Notes, 37A, Pt. 2 West's Ann. Gov. Code (2013 supp.) foll. § 76104.7, pp. 28-29.)

reading the separate fines, fees, penalties and surcharges into the record at sentencing, the court simply stated: 'The court will impose a theft fine pursuant to [Penal Code section] 1202.5 . . . in the sum of $34. The court will impose a criminal laboratory analysis fee in the total sum of $510, a drug program fee, together with surcharges and penalties in the total sum of $1,530, a clandestine drug lab fine, together with penalties, assessments and surcharges totaling $1,700.' The minute order lists the $1,530 sum as a drug program fee. (Health & Saf. Code, § 11372.7.) Both the minute order and the abstract of judgment designate the $1,700 assessment as a clandestine drug lab fine. (Health & Saf. Code, § 11379.6, subd. (a).)" (*High*, *supra*, at p. 1200.)

On this record, the court in *High* concluded as follows: "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.] The abstract of judgment form used here, Judicial Council form CR-290 (rev. Jan. 1, 2003) provides a number of lines for 'other' financial obligations in addition to those delineated with statutory references on the preprinted form. If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. (Pen. Code, § 1205, subd. (c).) Thus, even where the Department of Corrections has no statutory obligation to collect a particular fee, such as the laboratory fee imposed under Health and Safety Code section 11372.5, the fee must be included in the abstract of judgment." (*High*, *supra*, at p. 1200.)

**Penalty Assessments**

*High* thus held that all fines are part of the judgment, which the abstract of judgment must digest or summarize. (*High*, *supra*, 119 Cal.App.4th at p. 1200.) But

7

some fines are subject to assessments, a surcharge, and penalties that are "parasitic to an underlying fine," that could increase the fine by up to 310 percent. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1374 (*Voit*).)

In *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528-1530 (*Castellanos*), the Second District Court of Appeal pointed out that the $10 crime prevention program fine imposed pursuant to section 1202.5 (the same "theft fine" that was at issue in *High*) was subject to additional assessments, penalties, and a surcharge–seven in all. The court held that "[b]ecause the seven additional assessments, surcharge, and penalties are mandatory, their omission may be corrected for the first time on appeal." (*Castellanos*, at p. 1530.) In *People v. Sharret* (2011) 191 Cal.App.4th 859, 864 (*Sharret*) the same court observed that Los Angeles County trial courts "frequently orally impose [these] penalties and surcharge . . . by a shorthand reference to 'penalty assessments' ."

The seven "penalty assessments" identified in *Castellanos* and *Sharret* include: (1) a 100 percent state penalty assessment (§ 1464, subd. (a)(1)); (2) a 20 percent state surcharge (§ 1465.7); (3) a state court construction penalty of up to 50 percent (Gov. Code, § 70372); (4) a 70 percent additional penalty (Gov. Code, § 76000, subd. (a)(1)); (5) a 20 percent additional penalty if authorized by the county board of supervisors for emergency medical services (Gov. Code, § 76000.5, subd. (a)(1)); (6) a 10 percent additional penalty " 'for the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act' " (Gov. Code, § 76104.6, subd. (a)(1)); and (7) a 10 percent additional state-only penalty for the purpose of operating forensic laboratories under the same act (Gov. Code, § 76104.7). (*Castellanos*, *supra*, 175 Cal.App.4th at pp. 1528-1530; *Sharret*, *supra*, 191 Cal.App.4th at pp. 863-864; see also *Voit*, *supra*, 200 Cal.App.4th at pp. 1373-1374.) Adopting the language from *Sharret*, we shall hereafter refer to these seven assessments, surcharge, and penalties jointly as "penalty assessments." (*Sharret*, *supra*, 191 Cal.App.4th at p. 864.)

8

Various cases have applied these penalty assessments to four different types of fines. *Castellanos* applied them to the $10 crime prevention program fine for defendants who commit theft offenses (§ 1202.5). (*Castellanos*, *supra*, 175 Cal.App.4th at p. 1530.) In *Sharret*, the court applied them to a criminal lab analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) and a drug program fee (Health & Saf. Code, § 11372.7, subdivision (a)). (*Sharret*, *supra*, 191 Cal.App.4th at pp. 863-864; see also *People v Sierra* (1995) 37 Cal.App.4th 1690, 1694-1696 [drug program fee].) And in *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249-1250 (*Valenzuela*), the appellate court applied them to the sex offender fine (§ 290.3).[3] (See also *Voit*, *supra*, 200 Cal.App.4th at pp. 1373-1376 [although penalty assessments apply to a section 290.3 sex offender fine, three of the seven penalty assessments did not apply to the fine imposed because the defendant's crimes occurred before the effective dates of the statutes imposing those penalties].)[4] For clarity, we shall hereafter refer to the underlying fines to which penalty assessments apply as the "base fine" or "base fines."

Several variables affect the amount of penalty assessments. The *Castellanos* court observed that the "total due may vary depending on whether the trial court selects $10 as the amount of the section 1202.5 . . . [base] fine and the county where sentencing is occurring. As noted, a trial court is authorized to impose less than the full $10 section 1202.5, subdivision (a) [base] fine. If that occurs, the amount of the section 1465.7, subdivision (a) state surcharge will change." (*Castellanos*, *supra*, 175 Cal.App.4th at p. 1530.) In addition, the amount payable as the state court construction penalty under

_____

[3] In *Valenzuela*, the court applied only four of the seven penalty assessments we have identified, since only four of them were in effect when the defendant committed his offenses in 2003. (*Valenzuela*, *supra*, 172 Cal.App.4th at p. 1249.)

[4] In *High*, the trial court applied penalty assessments to the clandestine drug lab fine under Health and Safety Code section 11372.7. (*High*, *supra*, 119 Cal.App.4th at p. 1200.) But the appellate court in *High* did not address the propriety of imposing penalty assessments on such a fine and that issue is not before us on appeal.

Government Code section 70372, subdivision (a)(1) varies "depending on the county where it is imposed." (*Castellanos*, at pp. 1529, 1531 [30 percent in Los Angeles County]; see also *Voit*, *supra*, 200 Cal.App.4th at pp. 1374-1375 & fn 18 [court construction penalty was 35 percent in Santa Clara County in 2003; statute has been amend three times since then].) The emergency medical services penalty under Government Code section 7600.5, subdivision (a)(1) applies only if the county board of supervisors in a particular county elects to impose it. (*Castellanos*, at pp. 1529-1530.) And as we have noted, the amount of the Government Code section 76104.7 state-only penalty has changed over time; it is currently "four dollars ($4) for every ten dollars ($10) or part of ten dollars $10." (Gov. Code, § 76104.7, subd. (a); Stats. 2006, ch. 69, § 18, p. 1251 [$1 for every $10 or portion thereof]; Stats. 2009-2010, 8th Ex. Sess., ch. 3, § 1 [increasing penalty to $3 for every $10 or portion thereof]; Stats. 2012, ch. 32, § 25 [increasing penalty to $4 for every $10 or portion thereof].)

As noted, various cases have identified at least four base fines that are subject to penalty assessments and there are currently seven different penalty assessments—some of which vary depending on the county where the fine is imposed—that may apply to a particular fine. Because the statutes imposing these penalty assessments have been enacted and amended over time, the question whether a particular penalty assessment applies and the amount of the assessment will depend on the base fine at issue, the date of the offense, and the county where the penalty is imposed.

**Base Fines and Penalty Assessments Must Be Enumerated in the Judgment and Listed on the Abstract**

In *High*, the court held that penalty assessments must be (1) specified in the court's oral pronouncement of judgment, and (2) specifically listed in the abstract of judgment. (*High*, *supra*, 119 Cal.App.4th at pp. 1200-1201.) The manner in which the sex offender fine was imposed here is similar to the way some of the fines were imposed

by the trial court in *High*. In that case, the trial court imposed a "theft fine pursuant to section 1202.5 . . . of $34," "a criminal laboratory analysis fee in the total sum of $510, a drug program fee, together with surcharges and penalties in the total sum of $1,530, [and] a clandestine drug lab fine, together with penalties, assessments and surcharges totaling $1,700." (*High*, *supra*, 119 Cal.App.4th at p. 1200.) As the court observed in *High*, "[i]nstead of reading the separate fines, fees, penalties and surcharges into the record at sentencing," the trial court simply described the base fine at issue, without specifying the statutory basis for three of the fines, and stated the total amount imposed, which appears to be the sum of the base fine plus penalty assessments times the number of applicable counts. (*Ibid.*) For two of the fines, the trial court stated that the amounts imposed included penalty assessments. For the other two fines, the trial court did not state whether the order included penalty assessments, although the amounts imposed suggest that it did. After striking some of the penalty assessments on some of the counts on ex post facto grounds (*id.* at pp. 1195-1199), the appellate court held that all fines and fees must be set forth in the abstract of judgment (*id.* at p. 1200) and remanded to the trial court to "separately list, with the statutory basis, all fines, fees and penalties imposed on each count" and "to prepare an amended abstract" of judgment (*id.* at p. 1201).

The order here, which imposes a section 290.3 sex offender fine in the amount of $1,230, is similar to some of the trial court's orders in *High*. Although the Attorney General suggests the court imposed a base fine of $300 and penalty assessments of $930, the record does not list these amounts; it simply says the court imposed $1,230 pursuant to section 290.3. And the record does not mention penalty assessments at all.

In *Sharret*, the appellate court approved a procedure whereby the "trial court orally imposed the $50 criminal laboratory analysis fee ([Health & Saf. Code,] § 11372.5) and the $150 drug program fee ([Health & Saf. Code,] § 11372.7) '*plus penalty assessment*.' " (*Sharret*, *supra*, 191 Cal.App.4th at p. 864; italics in original.) The court explained that "the oral pronouncement of judgment controls over any

11

discrepancy with the minutes or the abstract of judgment. [Citations.]" (*Ibid*.) It went on further to explain that "In Los Angeles County, trial courts frequently orally impose the penalties and surcharge discussed above by a shorthand reference to 'penalty assessments.' The responsibility then falls to the trial court clerk to specify the penalties and surcharge in appropriate amounts in the minutes and, more importantly, the abstract of judgment. This is an acceptable practice." (*Ibid*.)

In *Voit*, the trial court followed the procedure approved in *Sharret* and orally imposed a sex offender fine of $500 for a second offense under section 290.3, "plus penalty assessment," without specifying the statutory basis for or the amount of the penalty assessments. (*Voit*, *supra*, 200 Cal.App.4th at p. 1372.) The minute order of the hearing and the abstract of judgment identified the total amount of the penalty assessments as $1,325. (*Ibid.*) This court held "that the trial court adequately pronounced judgment by imposing a specific [base] fine and generally referring to the applicable penalty assessments." (*Ibid.*)[5]

The trial court order and the abstract of judgment here did not comply with the procedural requirements in *High*, *Sharret,* or *Voit*. Assuming the trial court meant to impose a $300 base fine (§ 290.3) and $930 in penalty assessments, nothing in the record sets forth the amount of the base fine or the amounts or statutory bases for the penalty assessments. The probation officer's report proposed an aggregate number ($1,230) that was arguably the sum of the base fine and penalty assessments. But nothing in the record

---

[5] In *Voit*, this court nonetheless concluded that the court erred in imposing $1,325 in penalty assessments, because: (1) the trial court erred when it imposed $500 as the base fine because at the time of the defendant's offenses, the base fine for a second or subsequent offense under section 290.3 was $300, not $500; and (2) three of the seven penalties imposed did not apply to the defendant because the statutes imposing those penalties were enacted after the defendant committed his crimes. (*Voit*, *supra*, 200 Cal.App.4th at pp. 1372-1376.) This court therefore modified the judgment to impose a $300 base fine and penalty assessments of $675 and directed the trial court to prepare a new abstract of judgment. (*Id.* at p. 1376.)

12

explains how the probation officer calculated the $1,230 total amount. The trial court then adopted that number and the error was carried forward to the minute order and the abstract of judgment.

Both *High* and *Sharret* address two different aspects of the sentencing process: (1) the oral pronouncement of judgment by the sentencing judge, and (2) the preparation of the abstract of judgment by the court clerk. *High* says that a sentencing court should make a "detailed recitation of all the fees, fines and penalties on the record" and requires that "[a]ll fines and fees must be set forth in the abstract of judgment." (*High*, *supra*, 119 Cal.App.4th at p.1200.) The court recognized that such a detailed recitation "may be tedious," but stated, "California law does not authorize short cuts." (*Ibid.*) *Sharret* affirmed the imposition of a fine where the court, in its oral pronouncement of judgment, stated the amount of the base fine, its statutory basis, and used the shorthand reference "plus penalty assessments." (*Sharret*, *supra*, 191 Cal.App.4th at p. 864.) But *Sharret* also required "the trial court clerk to specify the penalties and surcharge in appropriate amounts in the minutes and, more importantly, the abstract of judgment." (*Ibid.*)

As for the oral pronouncement of judgment, we note that when *High* was decided in June 2004, there were only four penalty assessments. This area has become more complex since then, with the addition of three more penalty assessments[6] and multiple amendments to the statutes that impose base fines and penalty assessments. In light of this history, additional fines and penalty assessments—or amendments to those already in existence—may be enacted by the Legislature in the years to come.

Appellate courts are often called upon to correct sentences that contain errors in fines and penalty assessments. Common recurring errors include the imposition of

---

[6] The DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)) was effective on November 3, 2004; the state-only DNA penalty (Gov. Code, § 76104.7, subd. (a)) was effective on July 12, 2006; and the emergency medical services penalty (Gov. Code, § 76000.5, subd (a)(1)) was effective on January 1, 2007. (*Voit*, *supra*, 200 Cal.App.4th at p. 1374.)

13

penalty assessments or base fines that did not apply at the time of the offense and are, therefore, prohibited on ex post facto grounds (see e.g., *Voit*, *supra*, 200 Cal.App.4th at p. 1374; *High*, *supra*, 119 Cal.App.4th at pp. 1195-1199; *Valenzuela*, at pp. 1249-1250), as well as the failure to impose mandatory penalty assessments (see e.g., *Castellanos*, *supra*, 175 Cal.App.4th at pp. 1527-1530; *Valenzuela*, *supra*, 172 Cal.App.4th at pp. 1249-1250). Many of these errors could be caught and corrected in the trial court.

A detailed description of the amount of and statutory basis for the fines and penalty assessments imposed would help the parties and the court avoid errors in this area. For example, if the probation report in this case had contained a detailed list of the component parts of the sex offender fine and the penalty assessments attached thereto, perhaps one of the parties would have caught the $30 error that is now the subject of this appeal. A trial court could recite the amount and statutory basis for any base fine and the amounts and statutory bases for any penalty assessments on the record, as *High* suggests should be done. (*High*, *supra*, 119 Cal.App.4th at p. 1200.) Or, in cases where the amounts and statutory bases for the penalty assessments have been set forth in a probation report, a sentencing memorandum, or some other writing, the court could state the amount and statutory basis for the base fine and make a shorthand reference in its oral pronouncement to "penalty assessments as set forth in the" probation report, memorandum, or writing as authorized in *Sharret* and *Voit*. (*Sharret*, *supra*, 191 Cal.App.4th at p. 864; citation to *Voit*.) By itemizing and listing the component parts of base fines and penalty assessments prior to sentencing, the parties would have an opportunity to identify and correct errors in the trial court, avoiding unnecessary appeals. A detailed list would also prompt a sentencing court to take appropriate steps when a fine has an ability-to-pay requirement.

As for the abstract of judgment, both *High* and *Sharret* require the court clerk to list the amount and statutory basis for each base fine and the amount and statutory basis for each penalty assessment in the abstract of judgment. As the court stated in *High*, this

14

assists the Department of Corrections to "fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency." (*High*, *supra*, 119 Cal.App.4th at p. 1200.)

The judgment here must be modified because the sentencing court did not impose the correct amount for the section 290.3 sex offender fine, nor did it specify on the record how it arrived at the $1,230 fine imposed. Since we may correct the error on appeal, there is no need to remand this matter to the sentencing court to orally pronounce the correct judgment. We will therefore direct the trial court clerk to prepare an amended abstract of judgment that complies with *High* and *Sharret* by setting forth in the abstract of judgment form or an attachment the amounts of and statutory basis for the base fine and each of the penalty assessments that we order in this case.

**Amount of Base Fine and Penalty Assessments**

At the time of defendant's offense (March 5, 2012), the correct amount of the section 290.3 base fine was $300 for a first offense. This $300 base fine was subject to the following penalty assessments: (1) a 100 percent state penalty assessment (§ 1464, subd. (a)(1)) equal to $300; (2) a 70 percent additional penalty (Gov. Code, § 76000, subd. (a)(1)) equal to $210; (3) a 20 percent state surcharge (§ 1465.7) equal to $60; (4) a 50 percent state court construction penalty (Gov. Code, § 70372) equal to $150; (5) a 20 percent additional penalty for emergency medical services (Gov. Code, § 7600.5) equal to $60[7]; (6) a 10 percent additional DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)) equal to $30; and (7) a 30 percent additional state-only DNA penalty (former Gov. Code,

_____

[7] The Government Code section 76000.5 assessment applies only if the county has elected to levy it. (Gov. Code, § 76000.5, subd. (a)(1).) On our own motion, we have taken judicial notice of the minutes of the May 15, 2007 meeting at which the Monterey County Board of Supervisors elected to levy this assessment. (Evid. Code, § 452, subd. (h); <http://www.co.monterey.ca.us/cob/minutes/2007/m_051507.htm> [as of Nov. 25, 2013].)

§ 76104.7) equal to $90.[8]  (See also *Sharret, supra,* 191 Cal.App.4th at pp. 863-864; *Voit, supra,* 200 Cal.App.4th at pp. 1373-1375 & fn. 18.)  Thus, the correct amount of the penalty assessments is $900.

"[A]n unauthorized sentence may be corrected at any time even if there was no objection in the trial court.  [Citations.]  Such an unauthorized sentence may be corrected even when raised for the first time on appeal.  [Citations.]" (*Valenzuela, supra,* 172 Cal.App.4th at p. 1249, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 886, and *People v. Smith* (2001) 24 Cal.4th 849, 854.)  Both the imposition of a section 290.3 fine in the total amount of $1,230 without mentioning penalty assessments and the imposition of a $300 base fine plus $930 in penalty assessments are unauthorized sentences that may be corrected on appeal.  We shall therefore modify the judgment to reflect the correct amounts of the sex offender base fine and penalty assessments and affirm the judgment as modified.

## DISPOSITION

The judgment is modified to impose a sex offender fine of $300 pursuant to section 290.3.  In addition, defendant is ordered to pay the following penalty assessments: (1) a $300 state penalty assessment (§ 1464, subd. (a)(1)); (2) a $210 additional penalty

---

[8]  The record suggests that the court imposed the wrong amount for the state-only DNA penalty (Gov. Code, § 76104.7).  As we have noted, at the time of defendant's offense (March 5, 2012), the statute provided for a penalty of "three dollars ($3) for every ten dollars ($10)" or fraction thereof.  (Stats. 2009-2010, 8th Ex. Sess., ch. 3, § 1, eff. June 10, 2010.)  The Legislature amended the statute, effective June 27, 2012, increasing the penalty to "four dollars ($4) for every ten dollars ($10)" or fraction thereof.  (Gov. Code, § 76104.7, subd. (a)(1); Stats. 2012, ch. 32, § 25.)  Defendant was sentenced after the effective date of the 2012 amendment.  But this penalty assessment must be imposed based on the date of the underlying offense, not the date of the of the defendant's sentencing, which often occurs much later.  (*Voit, supra,* 200 Cal.App.4th at p. 1374.)  Here, 30 percent of the $300 base fine equals $90.  Forty percent of that base fine equals $120.  The difference of $30 is the basis for this appeal.

(Gov. Code, § 76000, subd. (a)(1)); (3) a $60 state surcharge (§ 1465.7); (4) a $150 court construction penalty (Gov. Code, § 70372); (5) a $60 penalty for emergency medical services (Gov. Code, § 76000.5); (6) a $30 DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)); and (7) a $90 state-only DNA penalty (former Gov. Code, § 76104.7).  The total amount of penalty assessments on the sex offender fine is $900.  As so modified, the judgment is affirmed.

The clerk of the trial court is directed to prepare an amended abstract of judgment that sets forth the amount of and statutory basis for the sex offender fine and the amount of and statutory basis for each penalty assessment as set forth above, and to send a copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____
Márquez, J.


WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.


_____
Grover, J.


17

Trial Court: Monterey County
Superior Court Nos.: SS120428A and
SS122230A

Trial Judge: The Honorable Pamela L. Butler

Attorney for Defendant and Appellant
Naheed Mohmoud Hamed:

Michael E. Allen
under appointment by the Court of
Appeal for Appellant

Attorneys for Plaintiff and Respondent
The People:

Kamala D. Harris,
Attorney General

Dane R. Gillette,
Chief Assistant Attorney General

Gerald A. Engler,
Senior Assistant Attorney General

Eric D. Share,
Supervising Deputy Attorney General

Ronald E. Niver,
Deputy Attorney General