Filed 4/17/14  P. v. Adrong CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THINH ADRONG,<br><br>    Defendant and Appellant. | H040135<br>(Santa Clara County<br> Super. Ct. No. C1350357) |

Pursuant to a negotiated plea, defendant Thinh Adrong pleaded guilty to one felony count of "grand theft person" (Pen. Code, §§ 484, 487, subd. (c); count 2).[1] Defendant also admitted enhancement allegations that he had one prior strike conviction within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i); 1170.12) and that he had suffered four prior prison terms (§ 667.5, subd. (b)).  In accordance with the plea agreement, defendant was sentenced to 44 months in prison.  At sentencing, the court struck the punishment on three of the four prison prior allegations.  Although the plea agreement provided that the court would dismiss count 1 of the complaint at the time of sentencing (count 1 charged defendant with second degree robbery (§ 211, 212.5, subd (c)), the record does not reflect that count 1 was ever dismissed.  Defendant received

---

[1]  Unless otherwise stated, all further undesignated statutory references are to the Penal Code.

custody credits for 185 actual days in local custody, plus 184 conduct credits (§ 4019), for a total of 369 days. The court imposed fines and fees, including a crime prevention programs fine (§ 1202.5) of $10, plus penalty assessments. The court also ordered victim restitution.

We appointed counsel to represent defendant in this court. Defendant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that set forth the facts of the case, but raised no specific issue, and asked this court to review the record and determine whether there are any arguable issues on appeal. We notified defendant of his right to submit written argument on his own behalf within 30 days and have not received a response from defendant.

Following our review of the entire record, we asked the parties to brief the following questions: (1) Did the trial court err by failing to dismiss the second degree robbery charge in count 1? If so, what is the remedy? (2) Did the court clerk err in calculating the amount of the penalty assessments attached to the $10 crime prevention programs fine (§ 1202.5)? If so, what is the correct amount and why?

In supplemental briefing, the Attorney General responds that the trial court erred by failing to dismiss count 1 and argues that this court should direct the trial court clerk to amend the abstract of judgment to reflect that count 1 has been dismissed. The Attorney General also asserts that the correct amount of the penalty assessments attached to the section 1202.5 fine is $30, rather than the $31 listed on the abstract of judgment, and that this court should order the trial court clerk to correct the abstract of judgment to reflect the correct amount of the fine and penalty assessments. Defendant "submits the matter based on the statements, analysis and conclusions" in the Attorney General's letter brief.

We conclude that (1) the court erred when it failed to enter an order dismissing count 1 and (2) the court clerk erred in calculating the amount of the penalty assessments attached to the section 1202.5 crime prevention programs fine. We will reduce the

amount of the penalty assessments from $31 to $30 and direct the trial court to enter an order dismissing the robbery charge in count 1. We will also direct the court clerk to prepare an amended abstract of judgment that lists the amount ($10) and statutory basis (§ 1202.5) for the crime prevention programs fine, as well as the amount and statutory basis for each of the penalty assessments attached thereto. After independently reviewing the record, we conclude that there are no other arguable issues on appeal. We will therefore affirm the judgment as modified.

## FACTS[2]

On or about May 2, 2012, defendant took Kim Huynh's (Victim) purse "from her person and immediate presence and against her will by means of force and fear." The contents of Victim's purse included an iPhone, a wallet, and $2,600 in cash. According to Victim, her purse was worth $300, her iPhone was worth $260, and her wallet was worth $120. The combined value of the purse, smart phone, wallet, and cash is $3,280. Defendant was arrested on February 25, 2013. (Defendant was in jail for another offense when he was arrested in this case.)

## PROCEDURAL HISTORY

On February 27, 2013, defendant was charged by complaint with one count of second degree robbery (§§ 211, 212.5, subd. (c); count 1), a felony. The complaint alleged that defendant had one prior conviction within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(i); 1170.12) based on a prior conviction for corporal injury of a spouse or cohabitant with personal use of a dangerous and deadly weapon (§ 273.5). The complaint also contained enhancement allegations that defendant had served four prior prison terms (§ 667.5, subd. (b)) for: (1) petty theft with a prior (§ 666); (2) second

_____

[2] Since defendant entered into the plea agreement before the preliminary hearing, the facts are based on the complaint and the probation report.

3

degree burglary, (§ 459, 460, subd. (b)); (3) grand theft (§§ 484, 487, subd. (a)); and (4) corporal injury of a spouse or cohabitant with personal use of a dangerous and deadly weapon (§ 273.5).

At the time the complaint was filed, defendant had another felony case pending in which he had been charged with petty theft with a prior (§ 666, subd. (a)) occurring on or about October 20, 2012 (Santa Clara County Superior Court Case No. 1243961; hereafter the "petty theft case"). Defendant has not filed a notice of appeal in the petty theft case.

On April 3, 2013, before a preliminary hearing was held in this case, the parties entered into a plea agreement that settled both this case and the petty theft case. Pursuant to their plea agreement, the prosecution made a motion to add a second felony count to the complaint in this case, charging defendant with grand theft person (§§ 484, 487, subd. (c); count 2). (We shall hereafter refer to this case as the "grand theft case.") The prosecution also made a motion to reduce the charge in the petty theft case from a felony to a misdemeanor (§ 17).

Pursuant to the negotiated plea, defendant pleaded guilty to grand theft person (§§ 484, 487, subd. (c); count 2, a felony) in the grand theft case and misdemeanor petty theft in the petty theft case. Defendant also admitted all of the enhancement allegations in both cases (one strike prior and four prison priors in the grand theft case; three prior theft convictions in the petty theft case). The parties agreed that defendant would be sentenced to 44 months in prison in the grand theft case and that the robbery allegations in count 1 of that case would be dismissed at sentencing. The court advised defendant that the maximum sentence was 10 years in prison.

The probation department prepared a "Waived Referral" report that recommended a sentence that was consistent with the terms of the plea agreement. At the sentencing hearing on August 28, 2013, the court sentenced defendant to 44 months in prison in the grand theft case. The 44 months consisted of the lower term of 16 months for grand theft person (count 2), which was doubled for the strike prior, increasing the sentence to

4

32 months, plus one year (12 months) for one of the prison prior enhancements. The court struck the punishment on the three remaining prison priors enhancements, but did not make an order dismissing count 1 (the second degree robbery charge) in the grand theft case.

The court awarded defendant custody credits for 185 actual days in local custody, plus 184 conduct credits (§ 4019), for a total of 369 days. The court imposed the minimum restitution fine (§ 1202.4) of $240 and a parole revocation restitution fine (§ 1202.45) of $240. The court ordered defendant to pay $3,280 in victim restitution and ordered that defendant have no knowing contact with Victim. The court also imposed the following fines and fees: a $40 court security fee (§ 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373); a $129.75 criminal justice administration fee (Gov. Code, § 29550.1); and a "$10 fine plus penalty assessment . . . pursuant to [section] 1202.5."

In the petty theft case, the court sentenced defendant to 180 days in county jail. Since defendant's custody credits exceeded the sentence imposed in the petty theft case, the court deemed the sentence in that case satisfied and released defendant from custody in the petty theft case only. In light of the fines and fees imposed in the grand theft case, the court waived all fines and fees in the petty theft case. Defendant has not appealed the judgment in the petty theft case.

## DISCUSSION

### *Dismissal of Second Degree Robbery Charged in Count 1*

The parties agree that the trial court erred by failing to dismiss count 1 and argue that this court should direct the trial court clerk to amend the abstract of judgment to reflect that count 1 has been dismissed.

5

**Background**

The minute orders for both the change of plea hearing and the sentencing hearing, as well as the reporter's transcript of the change of plea hearing, indicate that the terms of the plea agreement included the dismissal of the robbery charged in count 1 in the grand theft case. At the change of plea hearing, after defendant pleaded guilty to grand theft person (§§ 484, 487, subd (c); count 2), the court stated, "And so then Count 1 is going to be submitted for dismissal at sentencing?" The district attorney responded, "It is." After the court finished taking the plea in the grand theft case, the judge asked, "Count 1 is submitted for dismissal?" Defense counsel responded: "We need the plea for the misdemeanor." The court then took defendant's plea in the petty theft case. The court did not inquire further regarding the dismissal of count 1 in the grand theft case at the change of plea hearing.

The probation report contained the following statement regarding count 1: "<u>REMAINING CHARGES</u>: Count One, Section 211/212.5(c) of the Penal Code, submitted." But the probation report did not make a recommendation regarding the disposition of count 1.

At the sentencing hearing, the court failed to make an order dismissing count 1 and neither the attorneys nor the probation officer brought the oversight to the court's attention. The abstract of judgment shows only the conviction on count 2, to which defendant pleaded guilty.

**Analysis**

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. . . . [¶] ' "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be

6

part of the inducement or consideration, such promise must be fulfilled." [Citation.] [¶] The [United States] Supreme Court has thus recognized that due process applies not only to the procedure of accepting the plea [citation], but that the requirements of due process attach also to implementation of the bargain itself. It necessarily follows that violation of the bargain by an officer of the state raises a constitutional right to some remedy.' [Citations.]" (*People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on another ground as stated in *People v. Villalobos* (2012) 54 Cal.4th 177, 183-185.)

The parties agree that the plea agreement provided for dismissal of count 1 in the grand theft case and that count 1 was not dismissed. We therefore turn to the issue of remedy.

"The goal in providing a remedy for breach of the bargain is to redress the harm caused by the violation without prejudicing either party or curtailing the normal sentencing discretion of the trial judge. The remedy chosen will vary depending on the circumstances of each case. Factors to be considered include who broke the bargain and whether the violation was deliberate or inadvertent, whether circumstances have changed between entry of the plea and the time of sentencing, and whether additional information has been obtained that, if not considered, would constrain the court to a disposition that it determines to be inappropriate. Due process does not compel that a particular remedy be applied in all cases. [Citation.] [¶] The usual remedies for violation of a plea bargain are to allow defendant to withdraw the plea and go to trial on the original charges, or to specifically enforce the plea bargain. Courts find withdrawal of the plea to be the appropriate remedy when specifically enforcing the bargain would have limited the judge's sentencing discretion in light of the development of additional information or changed circumstances between acceptance of the plea and sentencing. Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances." (*People v. Mancheno* (1982) 32 Cal.3d 855, 860-861.)

7

Specific enforcement of the bargain is the appropriate remedy in this case. It is apparent from the record that the trial court's failure to dismiss count 1 was inadvertent. The trial court accepted defendant's guilty pleas to the other charges and otherwise sentenced defendant in accordance with the plea agreement. Thus, the reasonable expectations of the parties and the trial court will be implemented if we order count 1 in the grand theft case dismissed. In addition, it is appropriate in this case to direct the trial court to dismiss count 1 rather than remanding the case for resentencing. (§ 1260 [appellate court "may . . . modify a judgment or order"]; cf. *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [appellate court's power to modify a sentence should be used "sparingly"]; *People v. Dunnahoo* (1984) 152 Cal.App.3d 561, 579 [refusing to remand for resentencing because it was "improbable" that defendant would obtain a more favorable result and appellate court was "unwilling to expend valuable judicial resources by engaging in idle gestures or merely adhering to ritualistic form"].)

***Correction of Penalty Assessments on Crime Prevention Programs Fine (§ 1202.5)***

The parties contend that the correct amount of the penalty assessments attached to the section 1202.5 fine is $30 and that this court should order the trial court clerk to correct the abstract of judgment to reflect the correct amount of the fine and penalty assessments.

At the change of plea hearing, defendant signed and initialed an "Advisement of Rights, Waiver, and Plea Form" that advised him that "a fine of $10 for theft and vandalism offenses" "may be imposed." In a separate paragraph, the form stated, ". . . I may also be required to pay a crime prevention fund fine of $10 (plus 310% in penalty assessment)."

At sentencing, the trial court imposed a "$10 fine plus penalty assessment . . . pursuant to [section] 1202.5." The court did not specify the amount of the penalty

8

assessments in its oral pronouncement of judgment. The abstract of judgment records this fine as: "Count $10+PA$31."

Section 1202.5 provides in part: "In any case in which a defendant is convicted of any of the offenses enumerated in Section . . . , 484, 487, . . . or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed." The purpose of the fine is "to provide additional funding for peace officer training." (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1527 (*Castellanos*).) This fine is referred to in the case law as the "crime prevention programs fine" or the "theft fine." (*Ibid*; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373 (*Voit*).) The section 1202.5 fine is subject to penalty assessments. (*Castellanos*, at pp. 1527-1530.)

In *People v. Hamed* (2013) 221 Cal.App.4th 928, this court recently observed that the section 1202.5 fine is subject to seven different "penalty assessments"—which includes additional assessments, penalties, and a surcharge—and that the amount of each penalty assessment may vary depending on the amount of the base fine imposed, the date of the offense, and the county where the penalty assessment is imposed. (*Id.* at p. 935, 937 citing *Castellanos*, *supra*, 175 Cal.App.4th at pp. 1528-1530.) The seven penalty assessments include the "state-only penalty for the purpose of operating forensic laboratories under the same act (Gov. Code, § 76104.7)," equal to 10, 30, or 40 percent of the base fine, depending on the date of the offense. (*Hamed*, at p. 935; *id*. at p. 933, fn. 2.) As we observed in *Hamed*, "when enacted in 2006, Government Code former section 76104.7 provided for a 'penalty of one dollar ($1) for every ten dollars ($10) or fraction thereof . . . upon every fine, penalty, or forfeiture imposed and collected by courts for criminal offenses . . . .' (Stats. 2006, ch. 69, § 18, p. 1251, eff. July 12, 2006.) . . . The amount of this penalty was increased in both 2010 and 2012. (Stats. 2009-2010, 8th Ex. Sess., ch. 3, § 1, eff. June 10, 2010 [increasing penalty to 'three dollars ($3) for every ten dollars ($10)' or fraction thereof]; Stats. 2012, ch. 32, § 25, eff. June 27, 2012 [increasing

9

penalty to 'four dollars ($4) for every ten dollars ($10)' or fraction thereof]; [citation].)" (*Hamed*, *supra*, 221 Cal.App.4th at p. 933, fn. 2.)

Defendant committed his offense in May 2012 (before the effective date of the 2012 amendment to Government Code section 76104.7) and was sentenced on August 28, 2013 (after the effective date of the 2012 amendment). It appears that in calculating the amount of the penalty assessments, the court clerk used the 40 percent figure in effect at the time of sentencing. But since penalty assessments are subject to constitutional prohibitions against ex post facto laws, the correct amount of the penalty assessment is "three dollars ($3) for every ten dollars ($10)" imposed or 30 percent of the base fine, the formula that applied at the time of the offense. (*Hamed*, *supra*, 221 Cal.App.4th at pp. 933, 939; *Voit*, *supra*, 200 Cal.App.4th at p. 1374; *People v. High* (2004) 119 Cal.App.4th 1192, 1195-1199.)

At the time of defendant's offense (May 2012), the $10 crime prevention programs fine (§ 1202.5) was subject to the following penalty assessments: (1) a 100 percent state penalty assessment (§ 1464, subd. (a)(1)) equal to $10; (2) a 70 percent additional penalty (Gov. Code, § 76000, subd. (a)(1)) equal to $7; (3) a 20 percent state surcharge (§ 1465.7) equal to $2; (4) a 50 percent state court construction penalty (Gov. Code, § 70372) equal to $5; (5) a 20 percent additional penalty for emergency medical services (Gov. Code, § 76000.5) equal to $2 (6) a 10 percent additional DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)) equal to $1; and (7) a 30 percent additional state-only DNA penalty (Gov. Code, former § 76104.7) equal to $3. (*Hamed*, *supra*, 221 Cal.App.4th at pp. 940-941.) The total amount of these penalty assessments is $30.

In *Hamed*, which was decided after defendant was sentenced, we held that fines and penalty assessments must be enumerated in the judgment and listed on the abstract of judgment. We also approved a procedure whereby the trial court may impose a fine by identifying the type and amount of the base fine and using the shorthand reference "plus penalty assessments," without specifying the precise amount and statutory basis for each

10

penalty assessment, as long as there is a writing that sets forth the amount and statutory basis for each of the penalty assessments in the record.  (*Hamed*, *supra*, 221 Cal.App.4th at pp. 937-940.)  There is no such writing in the record in this case.

For these reasons, we will modify the judgment to reduce the amount of the penalty assessments attached to the $10 crime prevention programs fine (§ 1202.5) from $31 to $30.  We will also direct the court clerk to file an amended abstract of judgment that lists the amount and statutory basis for the section 1202.5 fine, as well as the amount and statutory basis for each of the penalty assessments.  Since this opinion complies with the writing requirement in *Hamed*, the court clerk may attach copies of the relevant page(s) from this opinion to the amended abstract of judgment.

## DISPOSITION

The trial court is directed to enter an order dismissing count 1.  The amount of the penalty assessments on the crime prevention programs fine (§ 1202.5) is reduced from $31 to $30.  The clerk of the court is directed to prepare an amended abstract of judgment that lists the amount ($10) and statutory basis (§ 1202.5) for the crime

prevention programs fine, as well as the amount and statutory basis for each of the penalty assessments attached thereto. As so modified, the judgment is affirmed.


_____

Márquez, J.


WE CONCUR:




_____

Rushing, P. J.




_____

Premo, J.