Filed 4/21/15  P. v. Thompson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>AUNDRE JAHMAL THOMPSON,<br><br>　　　Defendant and Appellant. | H040854<br>(Santa Cruz County<br>　Super. Ct. No. F24497) |

In a negotiated disposition, defendant Aundre Jahmal Thompson pleaded no contest to one count of selling or transporting cocaine base (Health & Saf. Code, § 11352, subd. (a)).[1]  The trial court dismissed a prior serious felony strike allegation and sentenced him to four years in state prison.  Defendant's timely appeal challenges the trial court's imposition of a "$205 AIDS fine" and a "$205 lab fee."  We reverse.

**I.  Background**

The facts of defendant's September 20, 2012 offenses are not relevant to the issues he raises on appeal, so we need not recount them.

---

[1]　Further statutory references are to the Health and Safety Code unless otherwise noted.

The trial court imposed various fines and fees at sentencing, including a "$205 lab fee" and a "$205 AIDS fine." The court did not state the statutory basis for the fines and fees. Nor did it mention penalty assessments. Defendant raised no objections.

There was no probation report. The clerk's minutes state, "$205 Lab fees and $205 Aids fine to be paid through CDCR." The abstract of judgment states, "Defendant to pay lab fee of $205.00 and AIDS fine of $205.00 to be paid through CDCR."

## II.  Discussion

## A.  AIDS Fine

Defendant contends that the AIDS fine was unauthorized and that he did not forfeit the argument by failing to object below. The Attorney General concedes these points. We accept the concession.

Penal Code section 1463.23 provides that "fifty dollars ($50) of each fine imposed pursuant to Section 4338 of the Business and Professions Code; subdivision (c) of Section 11350, subdivision (c) of Section 11377, or subdivision (d) of Section 11550 of the Health and Safety Code; or subdivision (b) of Section 264, subdivision (m) of Section 286, subdivision (m) of Section 288a, or Section 647.1 of this code, shall be deposited in a special account in the county treasury which shall be used exclusively to pay for the reasonable costs of establishing and providing for the county, or any city within the county, an AIDS (acquired immune deficiency syndrome) education program under the direction of the county health department . . . ." Defendant was not convicted under any of the statutes listed in Penal Code section 1463.23. He was convicted of violating section 11352, which is not listed.

"[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) That is the situation here. The AIDS fine (with attendant unspecified penalty assessments) was unauthorized.

2

Defendant's failure to object below does not preclude him from challenging the AIDS fine on appeal. "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. [Citations.]" (*Scott*, *supra*, 9 Cal.4th at p. 354.) The AIDS fine must be stricken. (*People v. Ogg* (2013) 219 Cal.App.4th 173, 186.)

## B. Lab Fee

Defendant claims the trial court erred by imposing the "$205 lab fee" without stating the statutory basis for the fee or specifying the amounts and statutory bases of its attendant penalty assessments. The Attorney General responds that defendant forfeited the claim. She adds, however, that she "does not object to modification of the judgment to set forth the statutory basis and mandatory amount of the fee and the amount and statutory authority for each of the assessments appended to the fine to reach the correct amount of $205." She does the math for us, listing $155 in mandatory penalty assessments that, when added to the $50 criminal laboratory analysis fee that section 11372.5 imposes, total $205. In reply, defendant maintains that he did not forfeit the claim, but even if he did, this court can correct the unauthorized sentence. Defendant does not challenge the Attorney General's calculations.

Trial courts are required to identify the statutory basis for all fees, fines, and penalties imposed. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*).) "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*Ibid.*) "[E]ven where the [CDCR] has no statutory obligation to collect a particular fee, such as the laboratory fee imposed under Health and Safety Code section 11372.5, the fee must be included in the abstract of judgment." (*Ibid.*)

Section 11372.5 states in pertinent part that "[e]very person who is convicted of a violation of Section . . . 11352 . . . of this code . . . shall pay a criminal laboratory analysis

3

fee in the amount of fifty dollars ($50) for each separate offense." (§ 11372.5, subd. (a).) Here, both parties assume that the trial court imposed the "$205 lab fee" pursuant to section 11372.5, subdivision (a). Defendant was convicted of a single violation of section 11352. Thus, the correct amount of the lab fee is $50. (§ 11372.5, subd. (a).)

The $50 lab fee is subject to seven mandatory penalty assessments. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 862-864.) At the time of defendant's offense, those assessments were (1) a 100 percent ($50) state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) a 20 percent ($10) state surcharge (Pen. Code, § 1465.7); (3) a 50 percent ($25) state court construction penalty (Gov. Code, § 70372); (4) a 70 percent ($35) additional penalty (Gov. Code, § 76000, subd. (a)(1)); (5) a 20 percent ($10) emergency medical services penalty (former Gov. Code, § 76000.5); (6) a 10 percent ($5) penalty for implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (Gov. Code, § 76104.6, subd. (a)(1)); and (7) a 40 percent ($20) state-only DNA penalty (Gov. Code, § 76104.7). (See *People v. Hamed* (2013) 221 Cal.App.4th 928, 940-941.) These penalty assessments total $155. The lab fee plus the penalty assessments total $205. Thus, the trial court imposed the proper total amount. The abstract must be corrected, however, to reflect the statutory basis and amount of the lab fee and the statutory bases and amounts of the penalty assessments. (*High*, *supra*, 119 Cal.App.4th at p. 1200.)

### III. Disposition

The judgment is reversed. On remand, the trial court shall (1) strike the AIDS fine and (2) amend the abstract of judgment to reflect a $50 criminal laboratory analysis fee (§ 11372.5, subd. (a)); a $50 state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); a $10 state surcharge (Pen. Code, § 1465.7); a $25 state court construction penalty (Gov. Code, § 70372); a $35 additional penalty (Gov. Code, § 76000, subd. (a)(1)); a $10 emergency medical services penalty (former Gov. Code, § 76000.5, subd. (a)(1)); a $5

4

penalty for the implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (Gov. Code, § 76104.6, subd. (a)(1)); and a $20 forensic laboratories penalty (Gov. Code, § 76104.7).  The trial court shall forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


_____
Mihara, J.


WE CONCUR:



_____
Bamattre-Manoukian, Acting P. J.




_____
Márquez, J.