Filed 9/18/15  P. v. Virk CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077407 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF134302) |
| v. | |
| SHAWN VIRK, | |
| Defendant and Appellant. | |

Granted probation following a no contest plea to first degree burglary, defendant Shawn Virk contends the trial court imposed an unauthorized fine and assessment under Penal Code section 672.[1]  Because the record does not show under what provisions the court imposed the amounts in question, we remand the matter so that the court may clarify the record.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

## PROCEDURAL BACKGROUND[2]

Defendant was sentenced simultaneously on three matters: first degree burglary (case No. 13-4302); possession of heroin and petty theft (case No. 13-4189); and receiving stolen property (case No. 13-3804).[3]

In case No. 13-4302, the order of formal probation, signed by defendant, included the following terms: "[] Pay $300 as a restitution fine for each felony case and $150 as a restitution fine for each misdemeanor case to the State Restitution Fund pursuant to [] [section] 1202.4(b); plus a processing fee of $20 for each felony case and a $10 processing fee for each misdemeanor case; [¶] [] Pay the same amount as ordered above . . . as a probation revocation fine to the State Restitution Fund pursuant to [] [section] 1202.44, said fine to become effective upon the revocation of probation or a conditional sentence. . . ." The order also included a $30 court construction fee for each conviction (Gov. Code, § 70373, subd. (a)(1)) and a $40 court operations assessment for each conviction (§ 1465.8). It mentioned other unspecified fees and assessments which might be imposed, including probation fees, attorney's fees, and a sentencing fee. In addition, the order bore a stamped entry reading: "<u>FINE & PENALTY ASSESSMENT</u> [¶] Pay $500 as a fine plus $1,550 penalty assessment; plus a processing fee of $35."

Immediately following the probation order in the record is a page that begins: "The Court of Appeal of the State of California, Third Appellate District, has directed this Court to articulate within the probationary order the statutory basis of all penalty assessments that are attached to any fine imposed." It then lists a set of statutes, including provisions of the Penal Code, the Government Code, and the Health and Safety Code, and sets out the calculation for assessments added to fines according to those

---

[2] Since defendant's appeal raises only a question of law, we need not discuss the facts of his offenses.

[3] Defendant raises no issues on the latter two cases.

statutes.[4]  The specific amounts for each assessment imposed in this case are not set forth in this generic listing.  The page includes the following statement:  "It is respectfully recommended that the Court affix this document to the original probation order that is signed and filed in court."

In imposing sentence orally, the trial court did not mention any fines, fees, or assessments as to case No. 13-4302.  However, the sentencing minute order as to case No. 13-4302 states:  "Total Fine (Inc P/A, Appl. Rest. & Ct Fees) $500 PLUS $1550 P/A."

## DISCUSSION

Defendant attacks the $500 fine and $1,550 assessment, reasoning:  "Presumably, this fine was ordered pursuant to Penal Code section 672, as there is no other apparent basis for the fine."[5]  He points out that this provision applies only where no other fine is prescribed by statute, but section 1202.5 prescribes a fine of $10 for any theft offense.[6]

---

[4] For example, the first two items on the list read:  "Penal Code § 1464(a):  '. . . a state penalty in the amount of ten dollars ($10) for every ten dollars ($10) . . . upon every fine . . . .  [¶]  Penal Code § 1465.7(a):  'surcharge of 20%' of the fine imposed."

[5] Penal Code section 672 provides:  "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding one thousand dollars ($1,000) in cases of misdemeanors or ten thousand dollars ($10,000) in cases of felonies, in addition to the imprisonment prescribed."

[6] Penal Code section 1202.5, subdivision (a), provides:  "(a) In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, subdivision (a) of Section 487a, or Section 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability.  In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine

3

He concludes that since a fine was prescribed for his offense, the amounts "[p]resumably" ordered under section 672 are unauthorized and must be stricken.

As the People point out, the record does not establish that the trial court imposed a fine pursuant to section 672.[7] We will not presume that the trial court imposed any fine or assessment under section 672 when that provision was not mentioned in the court's oral sentencing statement, the probation order, the sentencing minute order, or any other document that is part of the record on appeal. The trial court's failure to identify the statutes under which the $500 fine and $1,550 assessment were imposed is error requiring remand.

As the People have noted, this court has held that trial courts must spell out the statutory basis for every fine, fee, and assessment imposed. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) Like the court in *People v. Hamed* (2013) 221 Cal.App.4th 928, we note that this area is far more complex than when *High* was decided in June 2004. (*Id.* at p. 939.) At that time, there were only four penalty assessments. (*Ibid.*) Since then, several additional penalty assessments have been added and there have been multiple amendments to the base fine and penalty assessment statutes. (*Ibid.*) Nevertheless, unless the statutory basis is specified in the record for each fine and penalty assessment, we cannot determine whether the trial court has correctly calculated and imposed those monetary obligations.

Consistent with the suggestion of the People, we remand this matter back to the trial court to prepare an amended sentencing minute order that sets forth the statutory basis for every fine, fee, and assessment ordered in this case.

---

imposed upon the defendant and any amount the defendant has been ordered to pay in restitution."

[7] Nor does the record mention the section 1202.5 crime prevention fine.

## DISPOSITION

Defendant's conviction and sentence are affirmed.  The matter is remanded to the trial court with directions to prepare an amended sentencing minute order setting forth the statutory basis for every fine, fee, and assessment ordered in this case.


       MURRAY       , J.


We concur:


      BLEASE      , Acting P. J.


      NICHOLSON    , J.