Filed 11/21/14  P. v. Shay CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041024 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. C1474239, C1475290) |
| v. | |
| MICHAEL EDWARDS SHAY, | |
| Defendant and Appellant. | |

By letter dated August 1, 2014, this court invited defendant Michael Shay to submit any arguments on his own behalf because his appointed appellate counsel filed a brief which did not identify any arguable appellate issues.  Defendant has not responded to our letter.  We will review the entire record to determine whether appointed counsel has correctly determined there are no arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)  In performing our review, we are required to give a brief description of the facts, the procedural history, the crimes of which the defendant was convicted, the punishment imposed, and to address any contentions personally raised by the defendant.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

On February 27, 2014, defendant agreed to resolve four pending criminal cases by entering the following no contest pleas:  vehicle theft (count 1; Veh. Code, § 10851, subd. (a)) and receiving a stolen license plate (count 2; Pen. Code, § 496, subd. (a))[1], both

_____

[1] Unspecified section references are to the Penal Code.

as felonies, in Santa Clara County Superior Court case No. 1474239, and unauthorized use of personal identifying information (count 1; § 530.5, subd. (a)) and second degree burglary (count 2; §§ 459-460, subd. (b)), also as felonies, in Santa Clara County Superior Court case No. C1475290. He admitted having served a county jail term following a 2010 conviction of possessing a controlled substance. (§ 667.5, subd. (b); Health & Saf. Code, § 11378.) The third case (No. B1369066) and fourth case (No. B1369767) each involved misdemeanor charges of driving on a suspended license after a 2009 conviction of the same crime. (Veh. Code, § 14601.1.) Defendant admitted the prior conviction and pleaded no contest to the misdemeanor charges. Defendant accepted a court offer of formal probation in the felony cases with nine months in jail as a probation condition. At the change of plea hearing, he acknowledged he had understood and signed an eight-page advisement and waiver of rights plea form and he orally confirmed his waiver of trial rights.[2]

In the two felony cases, the court suspended imposition of sentence for three years and placed defendant on formal probation with a variety of conditions, including nine months in jail to run concurrently in each case, warrantless search, chemical testing[3], and staying away from the burglarized Walmart store as well as the individual victims of vehicle theft and identity theft. The court awarded 212 days of presentence credits in case No. C1474239 and 168 days of presentence credits in case No. C1475290, half derived from actual days in custody and half from conduct credits.

---

[2] The case was submitted to the probation department as a "waived referral." By virtue of the waived referral and early plea, the record contains no probation report or preliminary examination detailing the conduct underlying the charges.

[3] The court imposed the chemical testing condition over objection based on defendant's history of failed drug and alcohol tests in a previous case (No. C1087971) resulting in probation violations and a prison commitment in 2011.

The court imposed the following fines, fees, penalties, and assessments in the felony cases: minimum restitution fines of $280 for offenses committed in December 2013 (case No. C1475290) and $300 for offenses committed in January 2014 (case No. C1474239) plus 10 percent for administrative collection fees (§ 1202.4, subds. (b)(1), (*l*)); suspended probation revocation fines in the same amounts (§ 1202.44); $10 crime prevention fine for the burglary (§ 1202.5, subd. (a)) "plus penalty assessment" in an unspecified amount[4]; $4 emergency medical air transportation penalty for the Vehicle Code violation (Gov. Code, §76000.10); a court operations assessment penalty[5] of $40 per conviction for each of four felony convictions (§ 1465.8); a court facilities funding assessment of $30 per conviction for each of four felony convictions (Gov. Code, § 70373); criminal justice administration fees of $129.75 to the City of San Jose in case No. C1475290 and $259.50 to the County of Santa Clara in case No. C1474239 (Gov. Code, §§ 29550-29550.2); and a $30 monthly probation supervision fee (§ 1203.1, subd. (b)) in case No. C1475290. Defendant waived a hearing on his ability to pay what the court called "these minimum fines and fees that I've imposed." The court referred

---

[4] The minute order in case No. 1475290 calculated the "PA" as $31, which is 310 percent of the crime prevention fine. Neither the waived deferral probation report nor the court specified the amount or bases of a penalty assessment. In *People v. Hamed* (2013) 221 Cal.App.4th 928 (*Hamed*), this court explained that the base sex offender fine under section 290.3 was subject to seven different statutory penalty assessments that increased the base fine by 300 percent. (*Id.* at pp. 940-941.) *Hamed* noted that the state penalty for the DNA Identification Fund in Government Code section 76104.7 has increased from 30 percent (applicable to the crime before that court) to 40 percent of every $10 for crimes occurring after June 27, 2012. (*Hamed,* at p. 941, fn. 8.) That change would account for total penalty assessments of 310 percent of the base fine.

[5] The probation officer and trial court called this amount a court security fee, its original name under section 1465.8 (Stats. 2010, 4th Ex. Sess. 2009, ch. 22, § 28), until statutory amendments termed it a court security charge (Stats. 2011, ch. 10, § 8) and now a court operations assessment (Stats. 2011, ch. 40, § 6). The written plea form characterized it as a "court operation assessment."

defendant to the Department of Revenue to work out a payment plan based on his financial ability.

In each of the two misdemeanor cases, the court denied probation and sentenced defendant to five days in jail, noting defendant had credit for already serving that much time, and imposed the following fines and fees: $140 as a restitution fine plus 10 percent administrative collection fees; a $40 court operations assessment fee; a $30 court facilities funding assessment, and a $4 emergency medical air transportation penalty.

Having reviewed the record, we find no arguable appellate issue.

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.