Filed 5/18/15  P. v. Gonzalez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EFRAIN GONZALEZ,<br><br>        Defendant and Appellant. | H041229<br>(Monterey County<br>Super. Ct. No. MS041857A) |

Defendant Efrain Gonzalez, convicted of forcible rape following a court trial, challenges as unauthorized certain of the penalty assessments imposed in connection with a sex offender fine as part of his sentence.  The People concede the penalty assessments at issue are unauthorized.  We modify the judgment and affirm the judgment as modified.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On October 29, 2003, 17-year-old Jane Doe slept over at her friend Oscar's house. The following morning, defendant, Oscar's father, offered to drive Doe home in his van. On the way, he stopped the van and raped Doe in the back.  He then dropped her off near her school.  She reported the crime to police, but they were unable to locate defendant. Defendant's DNA was found in a sample taken from her vagina following the rape.

The district attorney for the County of Monterey filed a complaint on June 23, 2004, charging defendant with forcible rape (Pen. Code, § 261, subd. (a)(2)).[1]  Defendant was arrested nearly 10 years later, on December 4, 2013.  The parties waived a jury trial;

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

defendant did so on the condition that, if convicted, he would be sentenced to no more than six years in prison. In June 2014, following a one-day bench trial, the court found defendant guilty of forcible rape.

The court sentenced defendant to a term of six years in prison. The court imposed various fines and fees. As recommended by the probation report, the court imposed a $200 section 290.3 base sex offender fine and $930 in related penalty assessments for a total of $1,130. The penalty assessments imposed include: (1) a $300 state penalty assessment (§ 1464, subd. (a)(1)); (2) a $210 county penalty assessment (Gov. Code, § 76000, subd. (a)(1)); (3) a $60 state surcharge (§ 1465.7); (4) a $150 state court construction penalty (Gov. Code, § 70372); (5) a $60 emergency medical services penalty (*id*., § 76000.5); (6) a $30 DNA penalty (*id*., § 76104.6, subd. (a)(1)); and (7) a $120 state-only DNA penalty (*id*., § 76104.7).

Defendant timely appealed.

## II.    DISCUSSION

Defendant argues, and the People concede, that the trial court committed several errors in imposing penalty assessments at sentencing.

First, the court imposed a $300 state penalty assessment pursuant to section 1464, subdivision (a)(1). That fee should have been $200, equal to the $200 section 290.3 base fine. (§ 1464, subd. (a)(1) ["there shall be levied a state penalty in the amount of ten dollars ($10) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses"].)

Second, the court imposed three penalty assessments--the $30 DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)), the $120 state-only DNA penalty (*id*., § 76104.7), and the $60 emergency medical services penalty (*id*., § 76000.5)--that had not been enacted at the

2

time of defendant's 2003 offense.[2]  Those penalty assessments cannot be imposed retroactively without violating the constitutional prohibition of ex post facto laws and must be stricken if they are punitive.  (*Batman*, *supra*, 159 Cal.App.4th at p. 590.)  In *Batman*, the Third Appellate District held that the Government Code section 76104.6 DNA penalty was intended by the Legislature to be punitive because it "is explicitly designated a penalty; it is calculated in direct proportion to other fines, penalties, and forfeitures imposed; it is collected using the same provision for collecting the state penalty assessment; and it will be used primarily for future law enforcement purposes." (*Batman*, *supra*, at p. 591.)  We agree with that analysis.

Government Code section 76104.7 likewise is explicitly designated a penalty (*id*., subds. (a), (b)); is calculated in direct proportion to other fines, penalties, and forfeitures imposed (*id*., subd. (a)); is collected using the same provision for collecting the state penalty assessment (*id*., subd. (b) [citing § 1464]); and will be used primarily for future law enforcement purposes (Gov. Code, § 76104.7, subd. (b) [DNA Identification Fund]; § 299.5).  Thus, we conclude it is punitive.

Government Code section 76000.5 also is punitive because it is explicitly designated a penalty (*id*., subd. (a)(1)); is calculated in direct proportion to other fines, penalties, and forfeitures imposed (*ibid*.); and is collected using the same provision for collecting the state penalty assessment (*ibid*. [citing § 1464]).  Because all three penalty assessments are punitive, they must be stricken.  (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1374 [accepting concession that Gov. Code, §§ 76000.5, 76104.6, 76104.7 cannot be applied retroactively].)

---

[2] Government Code section 76104.6 went into effect on November 3, 2004. (*People v. Batman* (2008) 159 Cal.App.4th 587, 590 (*Batman*).)  Government Code section 76104.7 went into effect July 12, 2006.  (Stats. 2006, ch. 69, §§ 18, 41 [designating law urgency statute that will take immediate effect], approved by Governor July 12, 2006.)  Government Code section 76000.5 went into effect on January 1, 2007. (Stats. 2006, ch. 841, § 1; Cal. Const., art. IV, § 8, subd. (c)(1).)

Finally, the court failed to properly calculate three other penalty assessments. The court imposed a $210 county penalty assessment; that assessment should have been 70 percent of the $200 section 290.3 base fine, or $140. (Gov. Code, § 76000, subd. (a)(1).) The court imposed a $60 state surcharge; that assessment should have been 20 percent of the $200 section 290.3 base fine, or $40. (§ 1465.7.) The court also imposed a $150 state court construction penalty; that assessment should have been 50 percent of the $200 section 290.3 base fine, or $100. (Gov. Code, § 70372.)

The imposition of a $300 base fine plus $930 in penalty assessments was an unauthorized sentence that may be corrected on appeal. (*People v. Hamed* (2013) 221 Cal.App.4th 928, 941 (*Hamed*) [" '[A]n unauthorized sentence may be corrected at any time . . . .' "].) Accordingly, we shall modify the judgment to reflect the correct penalty assessment amount and affirm the judgment as modified. (*Ibid*.)

In *Hamed*, this court held that the amount and statutory basis for each fine and penalty assessment must be enumerated in the judgment and listed on the abstract of judgment. (*Hamed*, *supra*, 221 Cal.App.4th at pp. 937-938.) Accordingly, we will also direct the court clerk to file an amended abstract of judgment that lists the amount and statutory basis for the base fine and each of the penalty assessments that we order in this case. (*Id*. at p. 940.)

## III. DISPOSITION

The judgment is modified to reduce the amount of the penalty assessments by $450 to $480. The clerk of the trial court is directed to prepare an amended abstract of judgment that sets forth the amount and statutory basis for the Penal Code section 290.3 fine and the amount and statutory basis for each associated penalty assessment, and to send a copy of the amended abstract to the Department of Corrections and Rehabilitation. The amended abstract shall specify the following penalty assessments attached to the $200 Penal Code section 290.3 base fine: (1) $200 state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) $140 county penalty assessment (Gov. Code, § 76000, subd.

4

(a)(1)); (3) $40 state surcharge (Pen. Code, § 1465.7, subd. (a)); and (4) $100 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)).

As so modified, the judgment is affirmed.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Elia, J.