Filed 10/23/15  P. v. Layton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TED EUGENE LAYTON,<br><br>    Defendant and Appellant. | D067497<br><br><br><br>(Super. Ct. No. JCF33823) |

APPEAL from a judgment of the Superior Court of Imperial County, Matias R. Contreras, Judge.  Affirmed with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Christen Somerville, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Ted Eugene Layton of indecent exposure (Pen. Code, § 314, subd. (1)).[1] In a separate proceeding, the trial court found Layton had two prior convictions for committing a lewd or lascivious act on a child under age 14 (§ 288, subd. (a)) and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12). The court denied Layton's motion to dismiss the prior strike convictions and sentenced Layton to an aggregate term of four years based on the middle term of two years, which was doubled under the three strikes law. The court also ordered Layton to register as a sex offender pursuant to section 290 and pay a sex registration fine in the amount of $500.

Layton contends the trial court abused its discretion in denying Layton's motion to strike his prior strike convictions. Layton also contends the sentence must be reversed because the trial court failed to set forth the statutory basis for imposing the $500 sex registration fine. We affirm the judgment, but direct the trial court to amend the abstract of judgment to indicate the $500 sex registration fine is imposed pursuant to section 290.3, subdivision (a).

                                    FACTS

On the morning of September 15, 2014, while walking her 11-year-old son to school, Maria Marquez saw Layton naked in an alleyway near the school with his hand on his private parts. Marquez had seen Layton naked in the alley on a prior occasion about a week earlier. Another witness, Patricia Salcido, also saw Layton naked in the alley previously.

---

1       Further statutory references are to the Penal Code unless otherwise specified.

2

That same morning, Cynthia Ming was walking her four grandchildren to school. Ming's grandchildren were between the ages of 7 and 13. Marquez attempted to gesture and warn Ming not to walk into the alley. Ming continued to walk because the children were late for school and she could not understand Marquez, who was speaking Spanish. Once Ming entered the alley, she saw Layton standing by a wall, naked and masturbating. When Layton saw Ming's grandchildren, he stepped away from the wall closer into the alley where he played with himself while looking at the children.

## DISCUSSION

### I

### *Discretion to Dismiss Prior Strike Convictions*

Layton contends the trial court abused its discretion by declining to strike his prior strike convictions "because the current offense was minor, nonserious and nonviolent, and the priors were remote."

California's three strikes law (§§ 667, subds. (b)-(i), 1170.12) provides for longer prison sentences for those who commit a felony and have one or more prior serious and/or violent felony convictions. A trial court has discretion to dismiss a prior strike conviction in the furtherance of justice under section 1385, subdivision (a). (*People v. Williams* (1998) 17 Cal.4th 148, 158.) However, " 'the [t]hree strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this

3

defendant should be treated as though he actually fell outside the [t]hree [s]trikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

The trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.)

The trial court's ruling on a motion to strike is subject to a deferential abuse of discretion standard of review. (*People v. Carmony, supra,* 33 Cal.4th at p. 376.) The burden is on the party challenging the sentence to clearly show the sentence was so irrational or arbitrary that no reasonable person could agree. (*Id.* at pp. 376-377.) Absent this showing, we presume the trial court acted to achieve legitimate sentencing objectives and will not reverse its decision. (*Ibid.*)

In the motion to strike the prior strike, Layton argued the current offense was minor because it is normally a misdemeanor, it was not violent or aggravated, and there was no physical contact. Layton also argued his prior strike convictions were remote, as they were suffered in 1983 and 1988, and Layton had not been in trouble since his discharge from parole in 1994 until the current offense in 2014. The court agreed the convictions were old, but determined this fact did not warrant striking either conviction. Considering all the issues raised in Layton's motion, the court found Layton was still within the scheme of the three strikes law as a "repeat offender with certain ideations."

Layton contends he has aged considerably since his prior convictions to the point where he is now better able to avoid future offenses and his risk of recidivism will continue to lessen. We are not persuaded. Even 20 years after being released from parole, and at the age of 62, Layton committed a similar crime. Both of Layton's prior convictions were for lewd or lascivious acts with a child under 14 (§ 288, subd. (a)). In the current case, Layton was convicted of indecent exposure (§ 314, subd. (1)) for "playing with himself" while looking at four children between the ages of 7 and 13.

Layton was on summary probation when the current offense was committed. He lived half a block from an elementary school and was seen naked in the alley on several occasions, by multiple people. The first time Marquez saw Layton naked in the alley he stepped back and hid from her, but on this occasion he made eye contact with Marquez and did not leave. When he saw Ming's grandchildren a few minutes later, he stepped away from the wall and closer into the alley where he watched them while masturbating. This does not suggest a reduction in his propensity to commit similar offenses in the future. Considering the nature and circumstances of Layton's prior and current offenses, we cannot conclude that the trial court abused its discretion in determining Layton continues to fall within the scheme of the three strikes law.

II

*Statutory Basis for the $500 Sex Registration Fine*

Layton also contends his sentence must be reversed because the trial court failed to set forth the statutory basis for imposing the $500 sex registration fine. We conclude reversal is not necessary. Since we may correct an error on appeal, we direct the court to

5

amend the abstract of judgment to indicate the fine is pursuant to section 290.3, subdivision (a).

There are "two different aspects of the sentencing process: (1) the oral pronouncement of judgment by the sentencing judge, and (2) the preparation of the abstract of judgment by the court clerk." (*People v. Hamed* (2013) 221 Cal.App.4th 928, 938.) As for the oral pronouncement, "a sentencing court should make a 'detailed recitation of all the fees, fines and penalties on the record.' " (*Ibid.*) The purpose of this is to help the parties and the court identify and correct errors in fines and penalty assessments at the trial court level, avoiding unnecessary appeals. (*Id.* at pp. 939-940.) As for the abstract of judgment, the court clerk must "list the amount and statutory basis for each base fine and the amount and statutory basis for each penalty assessment." (*Id.* at p. 940.) The purpose of this is to assist the Department of Corrections to "fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency" or at a minimum, "assist state and local agencies in their collection efforts." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

Here, in its oral pronouncement of judgment, the court stated, "I'm going to order that he register as a sex offender . . . . [¶] I'll order that he pay the $500 fine for the registration." In the minute order, the court ordered Layton to "[r]egister as a sex offender pursuant to [section 290]" and "pay a sex registration fine in the amount of $500.00." Likewise, in the abstract of judgment, Layton was ordered to "[r]egister pursuant to [section 290]" and "[p]ay a sex registration fine in the amount of $500.00."

6

Although the court did not specify the fine was pursuant to section 290.3, there is no concern for error in fines and penalty assessments because $500 is the base fine pursuant to section 290.3 for a second and each subsequent conviction requiring section 290 registration. There is no risk of confusion in this case regarding the type of fine, assessment or fee imposed. (See *People v. High, supra,* 119 Cal.App.4th at p. 1200; *People v. Johnson* (2015) 234 Cal.App.4th 1432, 1458.) As such, there is no need to remand this matter for the trial court to orally pronounce the correct judgment. Instead, we direct the trial court to amend the abstract of judgment to indicate the $500 fine is pursuant to section 290.3, subdivision (a). (*People v. Hamed*, *supra*, 221 Cal.App.4th at p. 940.)

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment to indicate the $500 sex registration fine is imposed pursuant to section 290.3, subdivision (a). The court is also directed to send a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

AARON, J.

7