Filed 3/9/16  P. v. Elves CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD LLOYD ELVES, JR.,<br><br>    Defendant and Appellant. | H042553<br>(Monterey County<br>Super. Ct. No. SS150322A) |

Pursuant to a negotiated plea bargain, Richard Lloyd Elves, Jr., (defendant) pleaded no contest to possession for sale of a controlled substance in violation of Health and Safety Code section 11351[1] on or about February 18, 2015.  Defendant appeals from the judgment of conviction.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that raises no specific issues.  Counsel requests that this court conduct an independent review of the record and determine whether there are any arguable issues on appeal as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Counsel has declared that he advised defendant, in a letter dated September 21, 2015, of the nature of the appellant's opening brief and defendant's right to file a supplemental brief on his own behalf.  By letter dated October 14, 2015, this court advised defendant that his appointed appellate counsel filed an opening brief that does not raise any specific issues, that this court must now examine the entire record on appeal

---

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

to determine whether there is any arguable issue as required by *Wende*, and that defendant was entitled to submit written argument on his own behalf within 30 days after the date of the letter. The time has elapsed, and we have received no response from defendant.

I

*Facts and Proceedings*

By complaint filed on February 27, 2015, it was alleged that defendant committed the following six offenses on or about February 18, 2015: possession for sale of a controlled substance (methamphetamine), a felony (§ 11378) (count 1); possession for sale of a controlled substance (heroin), a felony (§ 11351) (count 2); possession of a device for unlawfully injecting or smoking a controlled substance, a misdemeanor (§ 11364, subd. (a)) (count 3); possession of a controlled substance (cyclobenzaprine and gabapentin) without a prescription, a misdemeanor (Bus. & Prof. Code, § 4060) (count 4); possession of a controlled substance (hydrocodone), a misdemeanor (§ 11350, subd. (a)) (count 5); possession of not more than 28.5 grams of marijuana, an infraction (§ 11357, subd. (b) (count 6).) The complaint further alleged that, as to count 1, defendant had suffered two prior convictions involving controlled substances within the meaning of section 11370.2, subdivision (c), and that, as to count 2, defendant had suffered two prior convictions involving controlled substances within the meaning of section 11370.2, subdivision (a).

On May 29, 2015, before any preliminary hearing was held, the parties announced they had reached a plea bargain. Under its terms, defendant would plead no contest to violating section 11351 (count 2) in exchange for a stipulated sentence of three years to be served in county jail pursuant to Penal Code section 1170, subdivision (h), in this case (case No. SS150322A). He would also plead no contest to the sole charge of violating section 11350 in case No. MS329496A in exchange for a 364-day sentence to be served concurrently to the three-year sentence in this case. The remaining counts and allegations

2

of the complaint filed in this case (case No. SS150322A) would be dismissed at the time of sentencing.

Defendant signed and initialed a waiver and plea form that advised him of the constitutional rights that he would give up by pleading no contest in this case and other consequences of such plea, including the immigration consequences and requirement of registering as a narcotics offender. In the form, defendant agreed that there was a factual basis for the plea based on a specified police report.

During the colloquy between the court and defendant at the hearing on May 29, 2015, the court advised defendant of the constitutional rights that he would be giving up by entering a plea of no contest in this case and the plea's consequences, including the immigration consequences, the requirement of registering as a narcotics offender, the lifetime prohibition against owning or possessing firearms or ammunition, and the minimum restitution fine. The court found that defendant understood the possible penalties and the consequences of his plea and that he knowingly, intelligently, and voluntarily waived each of his rights.

Defendant pleaded no contest to a felony violation of section 11351 (possession for sale of heroin) in case No. SS150322A, and he pleaded no contest to a misdemeanor violation of section 11350 (possession of heroin) in case No. MS329496A. Defendant's counsel stipulated that there were factual bases for those pleas.

The prosecutor waived "PSI," which we presume was a reference to a presentencing investigation. No probation report was filed.

The court proceeded to pronounce judgment. In accordance with the plea bargain, the court sentenced defendant in this case to the middle term of three years for the violation of section 11351 (Pen. Code, § 1170, subd. (h)). It awarded total credits of

3

81 days, which consisted of 41 actual days and 40 days of conduct credit.[2] It imposed an unspecified $200 fine including penalties and assessments, a $600 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $40 "court security fee," properly referred to as a court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), and a $30 "criminal conviction fee," more accurately referred to as a court facilities assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal. The notice indicated that the appeal is based on matters occurring after the plea that do not affect the validity of the plea.

This court directed the parties to submit supplemental briefing detailing the statutory basis for, and the amount of, each component part of the unspecified "$200 fine, including penalties and assessments" imposed by the trial court. In his supplemental brief, defendant's counsel indicated that the record shed no light on the question and, therefore, the matter must be remanded. The Attorney General did not answer the question. The Attorney General nevertheless urges this court to affirm without remand based on Penal Code section 1237.2.[3] That section did not become effective until January 1, 2016, after the appeal was filed in this case. (See Pen. Code, § 3 [prospective effect].)

---

[2] The record before us is incomplete with regard to presentence custody. It indicates that defendant was in custody, he was impliedly released on bail, and then he failed to appear for the preliminary hearing calendar call.

[3] Penal Code section 1237.2 now provides: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

4

Trial courts should make "a detailed recitation of all the fees, fines and penalties on the record" (*People v. High* (2004) 119 Cal.App.4th 1192, 1200) or, at least "state the amount and statutory basis for the base fine and make a shorthand reference in its oral pronouncement to 'penalty assessments as set forth in the' probation report, memorandum, or [some other] writing . . . ." (*People v. Hamed* (2013) 221 Cal.App.4th 928, 940.) "[T]he amount and statutory basis for each base fine and the amount and statutory basis for each penalty assessment" must be stated in the abstract of judgment. (*Ibid.*) "It is important for appellate review that at least the written record contain in some manner a detailed breakdown of how all fees, fines and assessments and fines were calculated." (Couzens, et al., Criminal Practice Series: Sentencing Cal. Crimes (The Rutter Group 2015) § 17:21, pp. 17-15 to 17-16.)

We shall remand the matter to the trial court to specify the amount of, and the statutory basis for, each component part of the "$200, fine, including penalties and assessments" that was imposed. At that time, the court will have the opportunity to correct any unauthorized sentence if necessary. (See *People v. Serrato* (1973) 9 Cal.3d 753, 763, disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)

*DISPOSITION*

The judgment is reversed and the matter is remanded to the trial court for the purpose of specifying the amount of, and the statutory basis for, each component part of the "$200 fine, including penalties and assessments" that was imposed, correcting any unauthorized sentence, and amending the abstract of judgment accordingly.

_____
ELIA, ACTING P.J.

WE CONCUR:


_____
BAMATTRE-MANOUKIAN, J.



_____
MIHARA, J.



*The People v. Elves*
H042553