Filed 9/23/14  P. v. Baker CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOHN MICHAEL BAKER,<br><br>　　　　Defendant and Appellant. | C073976<br><br>(Super. Ct. No. CM036180,<br>CM037789) |

In March 2013, defendant John Michael Baker pled guilty to forcible rape and admitted allegations that he kidnapped the victim for sexual purposes and that he had a prior strike conviction.  (Case No. CM036180.)  In exchange, a count of kidnapping and a prior serious felony allegation were dismissed with a *Harvey*[1] waiver.

---

[1]　　　*People v. Harvey* (1979) 25 Cal.3d 754.

1

In a second case (case No. CM037789) defendant pled guilty to attempted kidnapping and admitted the strike allegation . In exchange, a count of assault with a firearm and an allegation that he personally used a firearm were dismissed with a *Harvey* waiver.

Defendant was sentenced to prison for 26 years eight months. He was ordered to have no visitation with either victim pursuant to Penal Code[2] section 1202.05. He was ordered to pay, among other things, a $300 sex crime fine plus penalty assessments including a DNA identification fund assessment of 40 percent ($120) pursuant to Government Code section 76104.7. The abstract of judgment lists the statutory authority for the fine as section 672, not section 290.3, and it does not list the components of the aggregate fine.

Defendant contends, and the People concede: (1) the 40 percent penalty assessment must be reduced to 30 percent, the amount in effect at the time of the sex crime; (2) the abstract of judgment must be corrected to specify a sex crime fine under section 290.3, not section 672; (3) the abstract must be corrected to reflect all components of the sex crime fine and penalty assessments; and (4) the no-visitation order must be stricken as to both victims because (a) the rape victim was an adult, not a minor; and (b) the attempted kidnapping offense does not support a no-visitation order. We modify the judgment.

FACTS

The facts of defendant's offenses are not at issue in this appeal and need not be set forth in this opinion.

The forcible rape was alleged to have occurred on or about May 15, 2012. In an impact statement at sentencing, the victim stated that she was 42 years old.

---

[2]     Further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

### I

### *Amount Of Penalty Assessment*

Defendant contends, and the People concede, the 40 percent ($120) DNA identification fund penalty assessment on the $300 sex crime fine must be reduced to 30 percent ($90), the amount in effect at the time of defendant's offense. We accept the People's concession.

"[A]t the time of defendant's offense ([May 15, 2012]), [Government Code section 76104.7] provided for a penalty of 'three dollars ($3) for every ten dollars ($10)' or fraction thereof. [Citation.] The Legislature amended the statute, effective June 27, 2012, increasing the penalty to 'four dollars ($4) for every ten dollars ($10)' or fraction thereof. [Citation.] Defendant was sentenced after the effective date of the 2012 amendment. But this penalty assessment must be imposed based on the date of the underlying offense, not the date of the defendant's sentencing, which often occurs much later. [Citation.] Here, 30 percent of the $300 base fine equals $90. Forty percent of that base fine equals $120. The difference of $30 is the basis for this [contention]." (*People v. Hamed* (2013) 221 Cal.App.4th 928, 941, fn. 8.)

In this case, the probation report recommended the 40 percent assessment and the trial court followed the recommendation. We modify the judgment to impose a $90 penalty assessment pursuant to Government Code section 76104.7.

### II

### *Statutory Basis Of The Sex Crime Fine*

Defendant contends, and the People concede, "both the abstract of judgment and the sentencing minute order should be corrected to show that the [sex crime fine] was imposed pursuant to" section 290.3, not section 672. We accept the People's concession.

3

At sentencing, the trial court orally imposed the recommended section 290.3 fine and penalty assessments in case No. CM036180 and declined to impose the recommended section 672 fine in case No. CM037789.

The clerk's minutes properly reflect that defendant has "no ability" to pay a section 672 fine in case No. CM037789. But on the same line, following the reference to "section 672" and without reference to section 290.3, the minutes state: "$1,170--CM036180." Thus, the minute order suggests that the $1,170 fine was imposed pursuant to section 672 rather than section 290.3. The trial court shall correct this error on remand.

The error is reflected on the abstract of judgment, which specifies: "Other-$1,170 per . . . PC672 - CM036180." The amended abstract of judgment must reflect that, in case No. CM036180, the sex crime fine is imposed pursuant to section 290.3.

III

*Components Of Sex Crime Fine*

Defendant contends, and the People concede, the abstract of judgment must "separately list, with the statutory basis, all fines, fees and penalties imposed on each count." (*People v. High* (2004) 119 Cal.App.4th 1192, 1201.) We accept the People's concession.

In this case, the abstract of judgment, as quoted above, does not separately list the base sex crime fine and each associated fee and penalty assessment along with the statutory basis of each component. On remand, the court shall correct the abstract in accordance with this court's opinion in *People v. High, supra*, 119 Cal.App.4th at page 1192.

## IV

### *No-Visitation Order*

Defendant contends, and the People concede, the no-visitation order must be stricken as to both victims. We accept the People's concession.

Section 1202.05, subdivision (a), provides in relevant part: "Whenever a person is sentenced to the state prison on or after January 1, 1993, for violating Section 261, 264.1, 266c, 285, 286, 288, 288a, 288.5, or 289, and the victim of one or more of those offenses is a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim."

The offense in case No. CM036180 -- a violation of section 261, subdivision (a)(2) -- is listed in section 1202.05, subdivision (a). But the victim indicated in her impact statement that she was 42 years old. Thus, the no-visitation order was erroneously imposed as to case No. CM036180.

The offense in case No. CM037789 -- a violation of sections 207 and 664 -- is not listed in section 1202.05, subdivision (a). Thus, the no-visitation order was erroneously imposed as to that case as well.

We modify the judgment by striking the no-visitation order in its entirety.

### DISPOSITION

The Government Code section 76104.7 DNA identification fund assessment is modified to $90. The section 1202.05 no-contact order is stricken in its entirety. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting these modifications and separately stating the section 290.3 sex crime fine and each associated penalty assessment. The court shall forward a

5

certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                                                        ROBIE            , J.

We concur:

        BLEASE          , Acting P. J.

        MAURO           , J.