Filed 2/28/22  P. v. Rivera CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C094503 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20202623) |
| v. | |
| JOHN RIVERA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Rivera filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)

An unexplained $500 fine was orally imposed by the trial court and also appears in the probation order. As no statutory basis for the fine was articulated by the court or appears in the order, we will direct correction of that oversight or, in the alternative, deletion of that fine (and the corresponding $35 "processing fee") as unauthorized. We direct a complete review of the probation order and any attachments to ensure the

1

adequate provision of independent and valid statutory bases for all fines, fees, and assessments ordered. We affirm the judgment.

BACKGROUND

Defendant was charged with driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a); count 1); driving with a blood-alcohol content of 0.08 percent or more causing injury (*id.*, § 23153, subd. (b); count 2); driving under the influence of alcohol within 10 years of three or more convictions for driving under the influence (*id.*, §§ 23152, subd. (a), 23550, subd. (a); count 3); driving with a blood-alcohol content of 0.08 percent or more within 10 years of three or more convictions for driving under the influence (*id.*, §§ 23152, subd. (b), 23550, subd. (a); count 4); and driving without a valid driver's license (*id.*, § 12500, subd. (a); count 5). The prosecution alleged defendant had three prior convictions for driving under the influence within 10 years as to counts 1 and 2, and further alleged defendant had a blood-alcohol content of .15 percent or more (*id.*, § 23578) as to counts 1 through 4. It was also alleged that defendant had a prior strike conviction from 1999 for kidnapping in the course of carjacking (Pen. Code, §§ 209.5, subd. (a), 667, 1192.7).[1]

Defendant pleaded no contest to count 4 and admitted the prior convictions and the strike in return for stayed execution of a three-year prison sentence and a term of probation. The factual basis for the plea was that defendant had been driving with a blood-alcohol content over 0.08 percent and had three prior convictions for driving under the influence within the past 10 years. The remaining counts and allegations were dismissed.

Defendant argued Assembly Bill No. 1950 (2019-2020 Reg. Sess.) applied to his case and would limit the permissible term of probation. The trial court rejected

---

[1] Undesignated statutory references are to the Penal Code.

defendant's argument, noting that the bill included a carve out for offenses with statutorily-provided probation terms, such as Vehicle Code section 23152. The court imposed and stayed a three-year prison term, and placed defendant on a five-year term of probation.

As to financial conditions and orders, the trial court stated as relevant here that it would "order the $1,550 penalty assessment stricken," but "retain the $500 fine." The court made corresponding interlineations to the final page of the probation order, which specified in an unnumbered term captioned "Fine and Penalty Assessment" that defendant shall: "Pay $500 as a fine . . . plus, a processing fee of $35." On the page of the probation order immediately preceding the final page, a $700 fine and $2,200 penalty assessment were imposed as part of the "DUI Terms" of probation, numbered term 51.[2]

Defendant timely filed a notice of appeal but did not obtain a certificate of probable cause. The case was fully briefed on December 1, 2021, and assigned to this panel on December 23, 2021.

## DISCUSSION

Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed and defendant has not filed a supplemental brief.

---

[2] The order goes on to say here that: "This fine includes a $20 Victimless Restitution Fine pursuant to Penal Code § 1463.18, $50 laboratory analysis fees pursuant to Penal Code § 1463.14, $50 Alcoholism Program fee pursuant to Penal Code § 1463.16 and $50 fee for the Alcohol Abuse Education and Prevention Fund pursuant to Penal Code § 1463.25. In addition to the above fine and penalty assessment, the defendant shall pay the following: [¶] (a) $10 recordkeeping fee pursuant to Vehicle Code § 40508.6. [¶] (b) $4 fee for the Medical Air Transport fund pursuant to Government Code § 76000.16. [¶] (c) If not paid in full forthwith a $35.00 collection processing fee will be added."

We see errors that, when corrected, may result in a disposition more favorable to defendant as to applicable financial conditions and orders.

As we have noted above, the origin and basis for the $500 fine was neither articulated by the trial court nor identified by statute in the probation order or minutes. This is in contrast to the $700 fine and $2,200 penalty assessment, which were imposed as part of the "DUI Terms" of probation, numbered term 51, and are at least loosely identified as such by statutory references on that same page (Veh. Code, §§ 23152, 23153). However, the $2,200 penalty assessment is assessed in a lump sum with no breakdown of its respective components or statutory basis for those components, which is improper. (*People v. Hartley* (2016) 248 Cal.App.4th 620, 636-637; *People v. Hamed* (2013) 221 Cal.App.4th 928, 937-940.)

Further, the cites that do appear in purported support of the $700 fine are primarily concerned with collection and do not serve as independent bases for either the fine or the assessments. For example, the $50 "Alcoholism Program fee," citing section 1463.16, specifies that the first $50 collected from any fine imposed for a violation of section 23152 shall go to the county treasurer. (§ 1463.16.) It is not an independent basis for the fine. The same is true for the $20 "Victimless Restitution Fine" under section 1463.18, which specifies how money collected for a restitution order under section 23152 should be allocated, and the $50 "Alcohol Abuse Education and Prevention Fund" fee under section 1463.25. The $4 "Medical Air Transport fund" fee cites Government Code section 76000.16, which does not exist. The correct statute is Government Code section 76000.10.

This is not a complete recitation of the discrepancies.

A complete review of the probation order and any attachments is required, followed by necessary corrections to adequately provide independent and valid statutory bases for all fines, fees, and assessments that were ordered as part of defendant's sentence. As *no* statutory basis for the $500 fine was articulated by the court or appears

4

in the order, we will specifically direct correction of that oversight or, in the alternative, deletion of that fine (and the corresponding $35 "processing fee") as unauthorized.

Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court is directed to perform a complete review of the probation order and any attachments and make any necessary corrections to adequately provide independent and valid statutory bases for all fines, fees, and assessments ordered as part of defendant's sentence. The $500 fine and the corresponding $35 fee should be stricken as unauthorized if no valid statutory bases are provided. The court should correct and amend other associated orders and documents to correctly reflect defendant's fines, fees, and assessments, and deliver certified copies to the appropriate authorities.

The judgment is otherwise affirmed.


                                         /s/
                                   Duarte, Acting P. J.

We concur:


   /s/
Renner, J.


   /s/
Krause, J.