Filed 1/23/23 P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ANTHONY LOPEZ,<br><br>Defendant and Appellant. | F084085<br><br>(Super. Ct. No. VCF399477)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Brett R. Alldredge, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Franson, J. and DeSantos, J.

Defendant Joseph Anthony Lopez pled no contest to a felony and two misdemeanor charges. The resulting sentence included certain monetary obligations totaling $3,904. On appeal, defendant contends the trial court erred by failing to recite the individual fines, fees, and assessments and their statutory bases at the sentencing hearing. Defendant further argues the abstract of judgment must specify the same. We direct the clerk of the trial court to prepare an amended abstract of judgment that reflects the amount of each fine, fee, and penalty assessment imposed and its statutory basis. In all other respects, we affirm the judgment.

## PROCEDURAL BACKGROUND[1]

On June 24, 2020, the Tulare County District Attorney filed a complaint charging defendant with evading an officer (Veh. Code, § 2800.2, subd. (a); count 1), resisting a peace officer (Pen. Code, § 148, subd. (a)(1); count 2),[2] and driving with a suspended license (Veh. Code, § 14601.1, subd. (a); count 3). It was further alleged defendant had suffered one prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), served four prior prison terms (§ 667.5, subd. (b)), and committed count 1 while on state prison parole following imprisonment for committing a serious or violent felony (§ 3000).

On October 20, 2021, defendant pled no contest to the charges and admitted the special allegations.

On March 16, 2022, the trial court sentenced defendant in count 1 to 16 months in prison, doubled to 32 months pursuant to section 1170.12, subdivision (c)(1). Defense counsel and the trial court noted that the prison priors had been stricken. Defendant was ordered to pay a $600 restitution fine (§ 1202.4, subd. (b)), a $600 revocation restitution

---

[1]     The underlying facts are not relevant to the issue on appeal and are therefore omitted.

[2]     All further statutory references are to the Penal Code unless otherwise stated.

2.

fine (§ 1202.45) that was stayed pending successful completion of parole, and an aggregate amount of $3,904. The $3,904 total included various fines, fees, and penalty assessments, which were detailed in the probation report.

On March 18, 2022, defendant filed a notice of appeal.

## DISCUSSION

Defendant challenges the adequacy of the trial court's oral pronouncement of the $3,904 aggregate fee it imposed, as well as how said fee is listed in the abstract of judgment.

### *Additional Background*

At the sentencing hearing, the court stated as follows:

"[THE COURT:]  Pursuant to Vehicle Code [s]ection 2800.2, based on [defendant's] ability to pay, he is subject to pay aggregate fines, fees, and assessments of $3,904.

"[Defense counsel], do you waive an oral recitation and allocation of that amount set forth in [p]aragraph 8 [of the probation report] on the record?

"[DEFENSE COUNSEL]:  Yes, Your Honor."

Further, the abstract of judgment stated, "Defendant [is] ordered to pay an amount of $3,904.  Refer to the [p]robation [r]eport on [p]age 8, [s]ection 8, for the [b]reakdown of this sum amount."

Paragraph 8 of the probation report provided as follows:  "The defendant be ordered to pay the amount of … $3,904[.]  $1,000 of this amount to be considered a fine pursuant to [s]ection 2800.2 of the Vehicle Code, $1,000 of this amount to be considered a State Penalty Assessment pursuant to [s]ection 1464[, subdivision] (a) …, $500 of this amount to be considered a Criminal Justice Facilities Construction Fund Penalty Assessment pursuant to [s]ection 76000 of the Government Code[,] $200 of this amount to be considered a Maddy Emergency Medical Services Fund Penalty Assessment pursuant to section [s]ection 76000.5 of the Government Code, $500 of this amount to be

3.

considered a State Court Construction Penalty Assessment pursuant to [s]ection 70372 of the Government Code, $200 of this amount to be considered a Criminal Fine Surcharge pursuant to [s]ection 1465.7 …, $100 of this amount to be considered a DNA Identification Fund Penalty Assessment pursuant to [s]ection 76104.6 of the Government Code, $400 of this amount to be considered a DNA Additional Penalty Assessment pursuant to [s]ection 76104.7 of the Government Code, $4.00 of this amount to be considered an Emergency Medical Air Transportation and Children's Coverage Fund pursuant to section 76000.10 of the Government Code .…"

### *Legal Principles*

"[P]enalty assessments must be (1) specified in the court's oral pronouncement of judgment, and (2) specifically listed in the abstract of judgment." (*People v. Hamed* (2013) 221 Cal.App.4th 928, 937, citing *People v. High* (2004) 119 Cal.App.4th 1192, 1200–1201.) More recent cases provide that both the "amount and statutory basis for each fine, fee, and penalty assessment" must be specified. (*People v. Hartley* (2016) 248 Cal.App.4th 620, 637 (*Hartley*); accord, *People v. Fromuth* (2016) 2 Cal.App.5th 91, 114 ["Trial courts are required to 'specify[] the statutory bases of all fees, fines, and penalties' imposed on a defendant."].)

There are "several ways for a trial court to perform this duty. 'A trial court could recite the amount and statutory basis for any base fine and the amounts and statutory bases for any penalty assessments on the record …. [Citation.] Or, in cases where the amounts and statutory bases for the penalty assessments have been set forth in a probation report … the court could state the amount and statutory basis for the base fine and make a shorthand reference in its oral pronouncement to "penalty assessments as set forth in the" probation report … as authorized in [*People v. Sharret* (2011) 191 Cal.App.4th 859] and [*People v. Voit* (2011) 200 Cal.App.4th 1353].' " (*Hartley*, *supra*, 248 Cal.App.4th at pp. 636–637.)

"[F]ailure to specify the amount and statutory basis for each fine, fee, and penalty assessment is a 'legal error[] at sentencing' that can be reviewed on appeal ' "regardless of whether an objection or argument was raised …." ' " (*Hartley*, *supra*, 248 Cal.App.4th at p. 637.) Such a legal error cannot be waived. (*People v. Smith* (2001) 24 Cal.4th 849, 852 ["obvious legal errors at sentencing that are correctable without referring to factual findings or remanding for further findings are not waivable"].)

*Analysis*

In the present case, in imposing the $3,904 aggregate fee, the court specifically referred to paragraph 8 of the probation report, which provided an itemized breakdown of each fine, fee, and penalty assessment and their statutory bases included in the total amount. Therefore, no error occurred in the court's oral pronouncement of defendant's fines, fees, and penalty assessments.

The abstract of judgment, on the other hand, failed to itemize each fine, fee, and penalty assessment included in the aggregate fee, or identify their statutory bases. (*People v. Hamed*, *supra*, 221 Cal.App.4th at p. 937 ["all fines and fees must be set forth in the abstract of judgment" along with their statutory bases].) "If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency." (*People v. High*, *supra*, 119 Cal.App.4th at p. 1200.) "Since we may correct the error on appeal, there is no need to remand this matter to the sentencing court to orally pronounce the correct judgment." (*Hamed*, at p. 940.) Instead, we will direct the trial court clerk to prepare an amended abstract of judgment to reflect the amount of each fine, fee, and penalty assessment included in the $3,904 total and identify its statutory basis as reflected in paragraph 8 of the probation report.

## DISPOSITION

The clerk of the trial court is directed to prepare an amended abstract of judgment to reflect the amount of each fine, fee, and penalty assessment included in the

5.

$3,904 total and identify its statutory basis as reflected in paragraph 8 of the probation report, and to forward a copy to the appropriate entities. As so modified, the judgment is affirmed.