Filed 9/2/25  P. v. Rackley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>FRANK WILLIAM RACKLEY, SR.,<br><br>   Defendant and Appellant. | C102944<br><br>(Super. Ct. No. 12F01582)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on August 28, 2025, be modified as follows:

1.     On page 5, in the first paragraph, the second to last sentence beginning with "The court" and ending with "originally imposed" is modified to read as follows:

The court "reimpose[d] all fines and fees" that were originally imposed and, at defendant's request, stayed all fines and fees.

1

2.      On page 7, the last sentence of the Disposition, beginning with "The trial court" and ending with "Corrections and Rehabilitation" is modified to read:

The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion, including listing the correct amount for the serious habitual offender program fine and noting that all fines and fees are stayed, and to forward a certified copy to the Department of Corrections and Rehabilitation.

There is no change in the judgment.

Defendant's petition for rehearing is denied.

BY THE COURT:


/s/ _____
ROBIE, J.


/s/ _____
EARL, P. J.


/s/ _____
WISEMAN, J.*

_____

*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 8/28/25  P. v. Rackley CA3 (unmodified opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C102944 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01582) |
| v. | |
| FRANK WILLIAM RACKLEY, SR., | |
| Defendant and Appellant. | |

Defendant Frank William Rackley, Sr., appeals from a resentencing order made under Penal Code[1] section 1172.75.  His appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record revealed that the abstract of judgment erroneously lists a $200 serious habitual offender program fine, when the trial court

---

[1]     Undesignated statutory references are to the Penal Code.

1

actually imposed a $300 fine. In addition, we vacate a main jail booking fee, a main jail classification fee, and penalty assessments. We affirm the judgment as modified and order the trial court to issue an amended abstract of judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2011, defendant used his hand to penetrate C.M.'s vagina and anus, and then raped her. The following month, defendant raped J.D. Both victims were sex workers at the time of the assaults.

In 2012, a jury found defendant guilty of two counts of forcible rape and two counts of forcible sexual penetration. As to each count, the jury also found true that defendant committed an offense specified in section 667.61, subdivision (c) against more than one victim. In bifurcated proceedings, the trial court also found true that defendant had a prior serious felony conviction, a prior strike, and four prior prison terms.

The trial court sentenced defendant to an aggregate term of 21 years, plus 120 years to life consecutive, including one year for the prior prison term enhancement. The court awarded 445 days custody credit (387 actual days, plus 58 conduct days). The court also imposed a $10,000 restitution fine; a corresponding $10,000 parole revocation restitution fine (suspended unless parole is revoked); a $160 "court security surcharge fee" (Pen. Code, § 1465.8 [court operations assessment]); a $120 "court facility fee" (Gov. Code, § 70373 [court facilities assessment]); a $300 serious habitual offender program fine (Pen. Code, § 290.3), plus $130 in penalty assessments; a $340.01 main jail booking fee (Gov. Code, former § 29550.2); and a $62.09 main jail classification fee (Gov. Code, former § 29550.2).

On appeal, this court affirmed the judgment and ordered the trial court to correct a clerical error in the abstract of judgment. (*People v. Rackley* (Nov. 18, 2016, C072249) [nonpub. opn.].)

The trial court subsequently received notice from the Department of Corrections and Rehabilitation that defendant was eligible for resentencing under section 1172.75. In February 2024, the trial court appointed counsel and ordered briefing.

Defendant filed a brief asking the trial court to dismiss the prior prison term enhancement, his prior strike, and the four prior serious felony enhancements. Defendant also asked that the sentences for the penetration counts run concurrent to the sentences for the rape counts, instead of running consecutive. Defendant argued he had a loving family, including adult children, and he attached supportive letters from them. The family members said defendant had been a good father until he started using methamphetamines in 2008. Defendant also provided other supportive letters, including ones that offered him a job upon release from prison.

Defendant further argued he had engaged in vocational training and education, and rehabilitative programs, including substance abuse treatment, "Breaking the Cycle," and stress resilience. He was also 49 years old and therefore posed less of a risk of future crime or violence. In addition, he had been in custody continuously since 2011 (or 13 years), and it was no longer in the interest of justice to incarcerate him.

Defendant also argued the enhancements and the prior strike should be dismissed under *Romero*[2] and section 1385 because applying the enhancements resulted in a sentence of more than 20 years and multiple enhancements had been alleged in a single case. (§ 1385, subd. (c)(2)(B) & (2)(C); but see *People v. Serrano* (2024) 100 Cal.App.5th 1324, 1338 [the "Three Strikes" law is an alternative sentencing scheme not impacted by § 1385, subd. (c)].)

The prosecution filed a reply, arguing the trial court should strike the prior prison term enhancement but deny the other requested sentence modifications. According to the

---

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497

3

prosecution, defendant had a "very lengthy and very violent criminal history," including violent conduct while incarcerated. As such, reducing the sentence further would not be in the interest of justice and would endanger public safety.

During the December 2024 resentencing hearing, defendant acknowledged he had some violent incidents while incarcerated but argued prison is "a violent place," and he had not had any incidents in the last year. He also noted he had taken advantage of "numerous" rehabilitative programs, indicating he was "changing course." As to whether he posed a danger to public safety, defendant argued the test was whether he would pose a danger on release from prison, and he had a long sentence and would not be released without a parole board evaluation.

Turning to defendant's *Romero* motion, the trial court declined to strike defendant's prior strike because defendant did not fall outside the spirit of the Three Strikes law. Defendant's crimes were "violent, cruel, and vicious," and he had a "fairly continuous" criminal history. There were also numerous aggravating factors: The crime involved great violence (Cal. Rules of Court,[3] rule 4.421(a)(1)); the victims were particularly vulnerable (rule 4.421(a)(3)); defendant had engaged in violent conduct indicating a serious danger to society (rule 4.421(b)(1)); he had numerous prior convictions (rule 4.421(b)(2)); he had a prior prison term (rule 4.421(b)(3)); he was on parole at the time of the crimes (rule 4.421(b)(4)); and his prior performance on parole was unsatisfactory (rule 4.421(b)(5)).

Turning to defendant's prior serious felony enhancements, the trial court noted defendant had a "loving family" and he had done well in prison from 2011 to 2019. But, he had recent write ups, including drug use and battery on other inmates. The court imposed one of the prior serious felony enhancements and struck the remaining three.

---

[3]     Undesignated rule references are to the California Rules of Court.

The trial court dismissed the prior prison term enhancement and sentenced defendant to prison for five years, plus 120 years to life consecutive as follows:  30 years to life on each of the rape and sexual penetration counts (or 120 years to life total) and five years for the prior serious felony enhancement on one of the rape counts.  The court awarded defendant an additional 4,445 actual days of custody credits, bringing his total custody credits to 4,890.  The court "reimpose[d] all fines and fees" that were originally imposed.  Even though the trial court originally imposed a $300 section 290.3 fine, the abstract of judgment lists a $200 section 290.3 fine.

Defendant appeals.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record revealed several issues with the fines and fees imposed.  During the resentencing, the trial court reimposed all the prior fees and fines, including a $340.01 main jail booking fee and $62.09 main jail classification fee, purportedly under Government Code former section 29550.2.  However, Government Code former section 29550.2 was repealed by Assembly Bill No. 1869 (2019-2020 Reg. Sess.), and we are required to vacate any portion of a judgment imposing these costs.  (Gov. Code, § 6111.)

In addition, the trial court never orally specified the statutory basis for the $130 penalty assessments that were imposed on the section 290.3 fine.  The probation report and abstract of judgment also fail to do so, and we are unable to determine the trial court's intention from our review of the record.  As courts have explained, the abstract of

5

judgment must list "the amount and statutory basis for each penalty assessment." (*People v. Hamed* (2013) 221 Cal.App.4th 928, 940; see also *People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) We also vacate the penalty assessment.

Finally, we note that, although the trial court originally imposed a $300 serious habitual offender program fine (§ 290.3), the abstract of judgment erroneously lists this as a $200 fine. The oral pronouncement of judgment controls, so we order the trial court to correct this fee in the abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [a reviewing court may order correction of an abstract of judgment that does not accurately reflect the oral judgment of the sentencing court].)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The $340.01 main jail booking fee, $62.09 main jail classification fee, and $130 penalty assessment are vacated. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion, including listing the correct amount for the serious habitual offender program fine, and to forward a certified copy to the Department of Corrections and Rehabilitation.


/s/
ROBIE, J.



We concur:


/s/
EARL, P. J.


/s/
WISEMAN, J.*

---

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7